Vera K. Glover and husband, William Howard Glover,
Appellants,

*v.*

Tennessee Farmers Mutual Insurance Company,
Appellee.

468 S.W.2d 727

(*Jackson,* April Term, 1971.)

Opinion filed June 7, 1971

JAMES F. SCHAEFFER, of SCHAEFFER & KEE, Memphis, for appellants.

WILLIAM I. McLAIN, Memphis, for appellee.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

The sole question presented by this appeal is whether the uninsured motorist statute, secs. 56-1148 through 56-1153 T.C.A. authorizes an insured to bring suit on the casualty policy directly against the insurer. The trial judge held on demurrer this could not be done. The insured has appealed and assigned this as error. We affirm the judgment of the trial court.

The Glovers sued Tennessee Farmers alleging that they were insured by four policies of liability insurance issued by that company, and that under the uninsured motorist endorsement they were entitled to recover for serious personal damage sustained by Vera K. Glover, and for loss of services and medical and other related expenses by William Howard Glover, her husband, in a collision with one Ralph Murphy, an uninsured motorist, who negligently caused the collision.

Tennessee Farmers filed what was in effect a plea in abatement and a demurrer, the two grounds amounting to a demurrer making the proposition that the Glovers had no right to bring an action directly against it for uninsured motorist benefits. This demurrer was sustained and we now have the case on the single question first mentioned.

As stated, we are of opinion the trial court properly disposed of the case, for reasons which we shall state.

It should first be noted that, although the suit is brought against Tennessee Farmers as a result of the uninsured motorist endorsement, the right to sue the insured directly is not sought to be sustained by any provision in the insurance policy. There is no allegation in the declaration that the policies contain any stipulation authorizing a direct suit. And, in fact, the insurance policies are not even before the Court. The right to sue the insurer directly is predicated entirely on the contention that this is authorized by the uninsured motorist statute.

We take it to be fundamental in a case where, because of the terms of the insurance contract there is no right to sue the insurer thereon and the reliance for this right is on a statute, the right would have to be given by the statute either expressly or by necessary implication. And with respect to this, noting that the Glovers make no reference to any particular provision of the statute as satisfying this requirement, we have examined the statute carefully and find nothing in it which even leans in the direction of authorizing such a suit. To the contrary, we find provisions which indicate an opposite intention.

The first such provision is that made by sec. 56-1153. This code section invalidates insurance contract provisions for arbitration of uninsured motorist claims, and sets out the course of procedure whereby an insured can reduce an uninsured motorist claim to judgment.[1] As we read the code section it suggests no alternative to the procedure there established. And, while it might be argued (we think without warrant) that the language "if any action is instituted against the owner and operator of an insured motor vehicle," permits an alternative course of action, we are compelled to read the words "if any action" as amounting to "when any action". This interpretation is forced by the fact that the legislature, while in the very act of setting up procedure for recovery on uninsured motorist endorsements, although it of necessity knew how to do this by direct suit, made no such provision.

This conclusion, that sec. 56-1153 provides the sole court remedy, is sustained by the further provision of the code section "that the evidence of service upon the insurance carrier shall not be made a part of the record". Here we have clear evidence of a legislative intention

---

[1] "56-1153. *Service upon the insurance carrier—Arbitration not required.*—Any insurer intending to rely on the coverage required by secs. 56-1148—56-1153 shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice; provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

"The uninsured motorist provision shall not require arbitration of any claim arising thereunder nor shall the insured be prevented in any manner from employing legal counsel or instituting legal proceedings."

that the fact of insurance cannot be interjected as a prejudicing factor in uninsured motorist litigation.

So, we ask, if the language used to set up the procedure is expressly limited so as not to permit the fact of insurance to appear, how can it be said with any reasonableness that two or three words can be picked out of the statute and given the effect of permitting a suit directly against the insurer; whereby the very condition expressly provided against will be the more evident? The answer must be given such an interpretation.

Another statute provision indicating an intention contrary to that insisted upon by the Glovers is sec. 56-1151.[2] This code section gives the insurer the right of subrogation with respect to any settlement or judgment recovered by the insured against the uninsured motorist. Since this code section does not provide for subrogation except where the insurer has paid off a settlement or judgment recovered by the insured against the uninsured motorist, and there would be no right of subrogation in a case where an insured recovered a judgment on an insurance policy against his insurer, and no right in the insurer to proceed against the uninsured motorist on any other basis, it necessarily follows that the statute cannot

---

[2] "56-1151. *Payment by insurer—Subrogation.*—In the event of payment to any person under the coverage required by secs. 56-1148—56-1153, and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be subrogated to all of the rights of the person to whom such payment has been made, and shall be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made including the proceeds recoverable from the assets of an insolvent insurer; and payment by an insurer under the coverage required by secs. 56-1148—56-1153 shall not constitute a satisfaction of the liability of the party or parties responsible for such bodily injury under the financial responsibility of laws of this state."

be construed as the Glovers insist. So to do would deprive the insurer, by an unsupported interpretation, of the right of subrogation expressly granted by the statute. This cannot be done.

Finally, there is the provision in sec. 56-1148 [3] that the uninsured motorist coverage made mandatory by this code section is "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom,". While it may be argued that this phrase supports the right to sue the insurer, since the tortious infliction of injury would result in legal entitlement to damages without judgment, still, it cannot be denied that the limitation of this duty of the insurer is to furnish "protection", and this means "protection" as defined by the statute, which is liability to pay the judgment the insured recovers from the uninsured motorist. This interpretation of the "protection" the insurer must provide is supported, not only by the fact that casualty insurers against motor vehicle injury loss are

---

[3] "56-1148. *Automobile liability insurance—Uninsured Motorist—Required Coverage.*—No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than limits for bodily injury or death described in sec. 59-1206, subject to provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage; provided further that, unless the named insured requests such coverage in writing, the coverage need not be provided in or supplemental to, a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."

not customarily parties to the action in which the loss to be protected against is determined, but, by the interpretation we have given the other provisions of the Uninsured Motorist Act. We quote from a case discussing a similar statute:

"* * * Subsection (a) of that Code section, as previously quoted, requires that the insurance company afford coverage against any loss sustained by the insured as the result of an accident involving an uninsured automobile, which loss the insured *'shall be legally entitled to recover* as damages from the owner or operator thereof.' This language cannot be construed other than as imposing upon the insured's insurer the duty of assuming the position of an insurer of the uninsured motorist's legal liability as respects the claim of the plaintiff insured against such uninsured motorist. We deem the language quoted as equivalent to a requirement that the defendant insurer pay such sums as such uninsured motorist would be legally liable to pay to its insured up to the limits required by the statute.

"Legal liability means, with respect to insurance contracts, a liability which the courts of justice will enforce as between parties litigant. *Abbott v. Aetna Cas. & Surety Co.*, D.C.Maryland, 42 F.Supp. 793, 806; *Globe & Republic Ins. Co. v. Independent Trucking Co.*, Okl., 387 P.2d 644, 646. Substantially to the same effect see the ruling of the Supreme Court in *Arnold v. Walton*, 205 Ga. 606, 611, 54 S.E.2d 424. It is fundamental that the legal liability of one person to another can be ascertained only in an action brought against such person by the other in a court of competent jurisdic-

tion. Code sec. 110-501. No mere action against the insurance company to which the known uninsured motorist is not a party and in which could not be made a party (*Arnold v. Walton,* supra) could adjudicate this question so as to affect the legal liability of the uninsured motorist to the insured." *State Farm Mutual Automobile Ins. Co. v. Girtman,* 113 Ga.App. 54, 147 S.E.2d 364.

■ This interpretation of the act will not, as the Glovers argue, require a suit against the insurance company after recovery of a judgment against the uninsured motorist. It is clear that when the requirement of sec. 56-1153, with respect to affording the insurance carrier the right to defend the uninsured motorist is complied with, the insurance carrier is bound by the judgment. The whole intent and purpose of the uninsured motorist act, is, in essence, to provide *protection* by making the insurance carrier stand as the insurer of the uninsured motorist, with two necessary consequences. (1) The suit has to be brought against the uninsured motorist, with the fact of insurance excluded as a possible prejudicing factor, as in any other such case; and (2) the insurance company is bound by the judgment rendered in that suit, to the extent of its policy limits, where it is afforded the statutory opportunity to defend the uninsured motorist. See *Holt v. Bell,* Okl., 392 P.2d 361; *Boughton v. Farmers Ins. Exchange,* Okl., 354 P.2d 1058, 79 A.L.R.2d 1245; *Moore v. Smith,* 177 Va. 621, 15 S.E.2d 48; *Hartford Acc. & Ins. Co. v. Worden-Allen Co.,* 238 Wis. 124, 297 N.W. 436.

In deciding this case consideration has been given to the numerous authorities cited on both sides. Some of

these cases support the Glovers,[4] while other cases support the insurer.[5]

The cases relied on by the insurance carrier are more in point, because they deal with statutes more nearly like ours. But, since in statute construction cases we must depend, finally, upon our own interpretation of the statute, we shall not lengthen this opinion by particular reference and citation from these cases, nor attempt to distinguish those we do not follow. We do wish to point out however, that *Hickey v. Insurance Company of North America*, E.D.Tennessee (1965), D.C., 239 F.Supp. 109, cited by the Glovers, was decided prior to the enactment of our uninsured motorist act, in 1967, and so has no application to this case; and that the only other case construing Tennessee law on this subject, *Rogers v. United Services Automobile Association*, 410 F.2d 598 (6th Cir. 1969), which is not in point, held that the insurance company was entitled to have its liability determined by arbitration (the liability having accrued prior to the enactment of our act, and the policy pro-

---

[4] *Wortman v. Safeco Insurance Company of America*, E.D.Ark. 1963, 227 F.Supp. 468; *Hickey v. Insurance Company of North America*, E.D.Tenn.1965, 239 F. Supp. 109; *Hill v. Seaboard Fire & Marine Insurance Company* (1963), Mo. App., 374 S.W.2d 606; *Wright v. Fidelity and Casualty Company of New York*, 270 N.C. 577, 155 S.E.2d 100 (1967); *Barnhart v. Civil Service Employees Insurance Co.*, 16 Utah 2d 223, 398 P.2d 873 (1965).

[5] *State Farm Mutual Auto Ins. Co. v. Girtman*, 113 Ga.App. 54, 147 S.E.2d 364; *Turner v. Associated Indem. Corp.*, 113 Ga.App. 225, 147 S.E.2d 788; *Smith v. Allstate Ins. Co.*, 114 Ga.App. 127, 150 S.E.2d 354; *Gulf American Fire & Cas. Co. v. McNeal*, 115 Ga.App. 286, 154 S.E.2d 411; *King v. State Farm Mutual Auto Ins. Co.*, 117 Ga.App. 192, 160 S.E.2d 230; *O'Brien v. Govt. Employees Ins. Co.*, 372 F.2d 335 (1967) CCA 3rd Cir.; *Guthrie v. State Farm Mutual Auto Ins. Co.*, D.C.S.C., 279 F.Supp. 837 (1968); *Doe v. Brown*, 203 Va. 508, 125 S.E.2d 159; *Laird v. Nationwide Ins. Co.*, 243 S.C. 388, 134 S.E.2d 206; *Hatchett v. Nationwide Mutual Ins. Co.*, 244 S.C. 425, 137 S.E.2d 608; *Squires v. National Grange Mutual Ins. Co.*, 247 S.C. 58, 145 S.E.2d 673; *Levy v. American Auto Ins. Co.*, 31 Ill.App. 2d 157, 175 N.E.2d 607; *Holt v. Bell*, 392 P.2d 361 (Okl.).

viding therefore) or by having Rogers' action against the uninsured motorist prosecuted to judgment.

The assignments of error are overruled and the judgment of the trial court is affirmed.

DYER, CHIEF JUSTICE and CHATTIN, CRESON and Mc-CANLESS, JUSTICES, concur.