Wanda **THEARP** et al., Plaintiffs-Appellees,

v.

The **TRAVELERS INDEMNITY COMPANY**, Defendant-Appellant.

Court of Appeals of Tennessee, Western Section.

Aug. 7, 1972.

Certiorari Denied by Supreme Court Dec. 4, 1972.

Fowler & Gibson, Loudon, for defendant-appellant.

Dannel, Winfrey & McMurray, Lenoir City, for plaintiffs-appellees.

CARNEY, Presiding Judge.

This suit involves Uninsured Motorist Coverage under an automobile liability insurance policy. The defendant below, The Travelers Indemnity Company, has appealed from judgments in favor of the three plaintiffs, Wanda Thearp, Carl Thearp, and Nell Rene Thearp in the following amounts, to-wit: for Wanda Thearp, $3,500.00; for Carl Thearp, $2,100.00; for Nell Rene Thearp, $114.00. Judgment was also rendered in the amount of $500.00 in favor of the plaintiffs' attorneys. The case was tried below without a jury.

The Trial Judge sustained the plaintiffs' motion for a summary judgment under Rule 56.01 on the ground that there was no genuine issue as to any material facts and that all matters in issue had been decided in the three Thearp cases against Green and that the defendant was estopped to raise the defenses relied upon. The tort cases were tried under the old rules.

Rule 56.01 is as follows:

"56.01 For Claimant

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of thirty (30) days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

By assignments of error I and III the defendant insists that His Honor the Trial Judge erred in awarding any judgment against the defendant over its denials and without any proof on the part of the plaintiffs and that the defendant was denied the right to make certain defenses in an action of contract on the policy which it could not set forth in the prior tort actions.

Assignment of error No. II is that the Trial Judge erred in determining a contract action without any proof of the contract or its contents.

The plaintiffs averred in their complaint in the present suit that on June 22, 1970, they brought three separate suits in tort in the Circuit Court of Loudon County against Clifford Green, an uninsured motorist; that pursuant to T.C.A. Section 56–1153 process was issued and served upon the defendant, Travelers Indemnity Company, as the carrier of such uninsured motorist coverage under an automobile liability policy; that the plaintiffs brought said suit as insureds under the policy; that the defendant Insurance Company defended Clifford Green in the three suits; that the plaintiffs were awarded judgments on jury verdicts and the judgments have become final; and defendant Travelers Indemnity Company had refused to pay.

The named insured in the policy was not shown. We learn from the briefs that Travelers had issued one policy to John Cavanaugh and another to Carl Thearp. The Thearp automobile was involved in an accident. Judy Cavanaugh and son were in the Thearp automobile. We do not

know on which policy the Judge based his judgments for the plaintiffs.

The plaintiffs did not aver in the present suit which contract they claimed under. No copies of the plaintiffs' declaration in the tort cases against the uninsured motorist, Clifford Green, were made exhibits or introduced in evidence in the present case. No copies of the judgments in the tort cases are in the record of the present case. The defendant, Travelers Indemnity Company, did file, as evidence in this case, a portion of its answer and motion in the tort cases.

The evidence in the tort cases against Clifford Green was not preserved by Bill of Exceptions. By stipulation all supporting documents filed by the Travelers Indemnity Company in support of its amendment to answer, copies of the notice, motion and orders in the prior cases in Circuit Court were accepted as evidence in the present suit.

To the complaint in the present case the defendant Travelers filed an answer in which it admitted that it had represented the defendant Clifford Green in the three tort cases and that judgments against Green had become final.

However, by way of avoidance of liability and in support of its refusal to pay the judgments, the defendant Travelers contended that the plaintiffs were not insureds under the uninsured motorist coverage of the Cavanaugh policy because Judy Cavanaugh was not driving and were not insured under the Carl Thearp policy because the Thearp policy had no uninsured motorist coverage.

Defendant Travelers filed affidavit of its attorney showing that in an arbitration proceedings in California one Judy Cavanaugh and her son, Matthew Cavanaugh, who were riding in the automobile involved in the collision with Clifford Green, had recovered approximately $15,000.00 from defendant Travelers under the Cavanaugh policy and that Judy Cavanaugh had testified in the arbitration proceedings that

Wanda Thearp was the driver of the automobile in which Judy Cavanaugh and her son, Matthew, were riding. The defendant Travelers contended that since Wanda Thearp was driving, the John Cavanaugh policy would not cover Wanda Thearp and the other plaintiffs as insureds. We observe that the Carl Thearp policy is not in evidence in this cause but defendant made the statement in its answer in this case that the Carl Thearp policy did not contain uninsured motorist coverage.

In the trial of the tort cases the defendant Travelers Indemnity Company made a motion for a severance from the trial of Clifford Green before a jury. It was the contention of Travelers that it was denied the right in the tort cases to litigate the question of whether or not it had coverage because it would be impossible for the Trial Judge properly to instruct the jury so as to do justice to Clifford Green and to Travelers Indemnity Company and that there was a conflict of interest between the insurance carrier, Travelers, and the uninsured motorist, Clifford Green.

However, the defendant Travelers did not set out, in its motion for severance, what the conflicts of interest were nor did the motion for severance set out the facts upon which it contended that it did not have uninsured motorist coverage of the defendant, Clifford Green, or the Carl Thearp automobile. His Honor the Trial Judge denied the motion for severance in the tort cases on the ground that the defendant, Travelers Indemnity Company, was not made a party defendant to the tort cases. The plaintiffs did not except. Defendant did except.

The three tort cases went to trial before the jury and Travelers Indemnity Company filed defenses for and represented the defendant, Clifford Green, unsuccessfully as above set out.

For convenience we copy T.C.A. Section 56–1153 as follows:

"56–1153. *Service Upon the Insurance Carrier—Arbitration Not Required.—*

Any insured intending to rely on the coverage required by §§ 56–1148—56–1153 shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice; provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

The uninsured motorist provision shall not require arbitration of any claim arising thereunder nor shall the insured be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings. (Acts 1967, ch. 371, Sec. 6.)"

 We agree with the contention of Travelers Indemnity Company that T.C.A. Section 56–1153 contemplates that the jury which tries the question of liability of the uninsured motorist shall not also determine the question of whether the insurance company did, in fact, carry the uninsured motorist coverage because Section 56–1153 provides in part ". . . the evidence of service upon the insurance carrier shall not be made a part of the record . . ." Justice Humphreys, in the case of Glover v. Tennessee Farmers Mutual (1971), 225 Tenn. 306, 468 S.W.2d 727, observed that this section of the Uninsured Motorist Act was a clear evidence of a legislative intention that the fact of insurance should not be interjected as a prejudicing factor in uninsured motorist litigation and that the section provides the exclusive method whereby an insured can reduce an uninsured motorist claim to judgment.

We quote from Mr. Justice Humphreys' opinion in Glover v. Tennessee Farmers Mutual as follows:

"This interpretation of the act will not, as the Glovers argue, require a suit against the insurance company after recovery of a judgment against the uninsured motorist. It is clear that when the requirement of § 56–1153, with respect to affording the insurance carrier the right to defend the uninsured motorist is complied with, the insurance carrier is bound by the judgment. The whole intent and purpose of the uninsured motorist act, is, in essence to provide protection by making the insurance carrier stand as the insurer of the uninsured motorist, with two necessary consequences. (1) The suit has to be brought against the uninsured motorist, with the fact of insurance excluded as a possible prejudicing factor, as in any other such case; and (2) the insurance company is bound by the judgment rendered in that suit, to the extent of its policy limits, where it is afforded the statutory opportunity to defend the uninsured motorist. See Holt v. Bell, Okl., 392 P.2d 361; Boughton v. Farmers Ins. Exchange, Okl., 354 P.2d 1085, 79 A.L.R.2d 1245; Moore v. Smith, 177 Va. 621, 15 S.E.2d 48; Hartford Acc. & Ind. Co. v. Worden-Allen Co., 238 Wis. 124, 297 N.W. 436."

 Since we construe the opinion of the Supreme Court in the Glover case to hold that Travelers would have been bound to the extent of its coverage by the judgments in favor of the plaintiffs in the tort cases against Green, we hold that Travelers, after being regularly served with process, became legally a party defendant in the tort cases though not so designated by name. Section 56–1153 provides that the evidence of service of process shall not be made a part of the record. We interpret this provision of the statute to mean that process should not be part of the record for the consideration of the jury trying the tort cases.

Our opinion is fortified by the fact that Section 56–1153 expressly provides ". . . such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle *or in its own name* . . ."

 We hold that Travelers had a right under the statute to file a plea in abatement or other pleadings necessary to present the question whether or not Travelers did, in fact, have uninsured motorist coverage in the tort cases then before the Circuit Court. It is our opinion that Travelers would have been estopped to deny coverage after the judgments became final if it had not made application to the Trial Judge for permission to litigate its coverage in the tort cases.

The record in this case affirmatively shows that Travelers did seasonally attempt to litigate the question of its coverage by its motion for severance which motion was denied by the Trial Judge. Therefore, we hold that Travelers is not estopped to deny its coverage and litigate such question in the present cause.

Since the record in this Court on this appeal does not contain the contract of insurance sued upon nor any evidence showing coverage by the defendant, Travelers Indemnity Company, of any particular automobile and since the defendant, Travelers Indemnity Company, has not admitted its liability in any of the pleadings or affidavits filed in this record and since the record before this Court does not contain a copy of nor the amounts of the judgments in the tort cases, we hold that the record in this case is insufficient to support the judgment of the lower Court. The judgment of the lower Court must be reversed and the cause remanded for a new trial.

The judgments in the tort cases will be res judicata only as to the amount of the plaintiffs' injuries and damages and as to the fact of proximate negligence on the part of the defendant, Clifford Green. All of the parties to this suit shall have the right to amend their pleadings and to present evidence in accordance with this opinion.

The costs in this Court will be taxed to the appellees. The costs in the Court below will be taxed by the Trial Judge in his discretion.

MATHERNE and NEARN, JJ., concur.