W. G. McCALL and wife Naomi McCall, Appellants,

v.

MARYLAND CASUALTY COMPANY and Tennessee Farmers Mutual Insurance Company, Appellees.

Supreme Court of Tennessee.

Nov. 12, 1974.

Frank B. Bird, Bird, Navratil, Ballard & Tate, Maryville, for appellants.

John B. Rayson, Andrew Johnson, Knoxville, Kramer, Johnson, Rayson, Greenwood & McVeigh, Knoxville, of counsel, for appellees.

## OPINION

HARBISON, Justice.

Appellant Naomi McCall sustained personal injuries while riding as a passenger in an automobile owned and driven by Paul R. Davis. The vehicle collided with an automobile owned and driven by James W. Rupe on May 10, 1969.

Appellant and her husband filed a suit for damages against Rupe in the Circuit Court of Knox County, alleging that the accident was due solely to the negligence of Rupe in the operation of his automobile. In addition, appellants had process issue upon the appellees here pursuant to the terms and provisions of T.C.A. § 56–1153, being part of the Tennessee uninsured motorist statutes. They alleged that Rupe was driving an automobile which was an uninsured vehicle at the time of the collision. Appellants had a family automobile policy written by Maryland Casualty Company which had uninsured motorist coverage, and Mr. Davis had similar coverage on his automobile with Tennessee Farmers Mutual Insurance Company.

Appellants allege that they have never been able to obtain service of process upon the uninsured motorist, Rupe, in the Circuit Court action. The initial action filed by appellants was dismissed without prejudice after process was returned unserved in 1971. Said action has been kept alive by being reinstituted pursuant to the provisions of the savings statute, T.C.A. § 28–106, and the issuance of new process from time to time as provided in Rule 3 of the Tennessee Rules of Civil Procedure. Not having accomplished service of process upon the uninsured motorist, Rupe, appellants instituted their present action in the Chancery Court of Blount County on July 13, 1973 by filing a complaint directly against the two insurance carriers above named. Appellants allege that since said carriers have been served with process in the Circuit Court action, they have an obligation to appear and defend on behalf of the uninsured motorist. Appellants sought a declaration to that effect and, in the alternative, a declaration that the insurance carriers are legally obligated to pay damages to appellants as a result of the accident with the uninsured motorist, Rupe.

Both appellees filed motions for summary judgment which were sustained by the trial court. Appellants recognize that this Court recently, in the case of Glover v. Tennessee Farmers Mutual Insurance Co., 225 Tenn. 306, 468 S.W.2d 727 (1971), held that, absent a policy provision so authorizing, direct actions could not be brought against insurance carriers affording uninsured motorist coverage. This Court carefully considered the statutory provisions governing this subject, and concluded that the General Assembly has not provided for such actions. The statutes have not been amended in any respect material to this action since the release of the opinion in the Glover case by this Court.

The statutes in question do provide for service of process upon the insurance carrier affording coverage for uninsured vehicles. It was held by the Court of Appeals in the case of Thearp v. Travelers

Indemnity Co., 504 S.W.2d 763 (Tenn. App.,W.S.1972), that insurance carriers served with process under the provisions of T.C.A. § 56–1153 became legally parties defendant in a tort action. The Court in that case held that the insurance carriers were entitled to raise questions of coverage by appropriate pleadings in the tort cases, and that if they were erroneously denied this right, they could later raise such questions when sued upon judgments rendered against the uninsured motorist.

■ Nothing in either the *Glover* case or the *Thearp* case, *supra*, indicates that insurance carriers, served with process under T.C.A. § 56–1153, have any duty or obligation to defend the ·action on behalf of the uninsured motorist. They are given that right, but there is no duty on their part to do so, nor is service of process upon the uninsured motorist dispensed with by the statutory provisions.

■ In at least one of the insurance policies before us, there are provisions dealing with uninsured hit-and-run vehicles, but there is no contention that these policy provisions are applicable to the present case. Nor is there any other policy provision permitting a direct action against the insurance carrier. The insured does have the right to demand arbitration in the manner provided by the policy provisions.

While the position in which appellants find themselves is regrettable, it is no different from the situation in which any tort claimant is placed when undertaking to pursue a claim against an insured motorist upon whom service of process cannot be obtained. As pointed out in the *Glover* case, *supra*, in many respects the uninsured motorist carrier stands in the position of a liability insurer, and under present statutory provisions it is no more subject to a direct action by a tort claimant than is any other liability insurer.

We find no error in the judgment of the trial court, and it is affirmed. Costs of the appeal are taxed to the appellants.

FONES, C. J., and COOPER and BROCK, JJ., concur.

HENRY, Justice (concurring).

My brother Harbison has reached the correct conclusion and I concur in his opinion.

However, I concur with extreme reluctance.

The purpose of the Uninsured Motorist Law is to provide recompense to innocent persons who receive bodily injury or property damage through an uninsured motorist who is financially unable to respond in damages. Schoffner v. State Farm Mut. Auto Ins. Co., 494 S.W.2d 756 (Tenn. 1956).

To permit the insurer to charge and collect a premium on a policy provision designed to afford uninsured motorist coverage and then to deny such coverage to a person injured by an uninsured motorist who damages and disappears perverts that purpose and frustrates justice.

Our statute provides coverage in the case of the "hit-and-run" driver, but denies it in the case of the "hit-and-hide" driver.

This deficiency in our uninsured motorist statutes addresses itself to the General Assembly. It is to be hoped that it will see fit to end this patent injustice.

The situation of the insured motorist who eludes service of process is equally worthy of legislative consideration.