Patricia Elaine HARVEY, Petitioner,

v.

Jerry BIRCHFIELD, Respondent.

Supreme Court of Tennessee.

March 29, 1976.

Charles B. Dungan, Jr., Meares & Dungan, Maryville, for petitioner.

D. K. Thomas, Maryville, for respondent.

## OPINION

FONES, Chief Justice.

This case arises under the uninsured motorist provision of T.C.A. § 56–1153. The issue presented is whether an insurer served with process pursuant to said code section is required to raise the defense of lack of insurance coverage in the tort action and upon failure to do so is bound by the judgment, or whether the plaintiff can only obtain judgment against the uninsured motorist in the tort action and must bring a

second lawsuit against the insurer wherein the insured is permitted to litigate the issue of coverage.

■ We hold that the insurer must raise the defense of absence of coverage under the insurance policy in the tort action or be estopped from later relying on it as a defense.

On November 13, 1972, Patricia Harvey was riding as a passenger in her automobile being driven by one Larry Wilson. The Harvey automobile was struck by an automobile driven by Jerry Birchfield, an uninsured motorist.

Petitioner filed suit against Jerry Birchfield on December 20, 1972, for damages arising out of that collision, and pursuant to T.C.A. § 56–1153, caused a summons to be issued against respondent, State Farm Mutual Insurance Company, as the uninsured motorist carrier.

Neither Birchfield nor respondent filed an answer within the thirty (30) days after service of summons, and a default judgment was entered against both parties on February 13, 1973. Respondent's claim superintendent did notify petitioner's attorney by letter dated January 23, 1973, that respondent would not defend petitioner's claim against Birchfield: "It is our position that the uninsured motorist coverage carried by our named insured, Truman Wilson, under which is son, Larry Wilson, would have protection, would not provide any benefits to Patricia Harvey under the uninsured motorist provisions."

On May 7, 1973, the trial court, sitting without a jury, found damages for plaintiff in the amount of nine thousand ($9,000) dollars personal injury and one thousand five hundred ($1,500) dollars property damage. This judgment was entered on May 8, 1973. Respondent filed a motion to set aside judgment on August 14, 1973, which was overruled by the trial court on May 7, 1974.

The Court of Appeals reversed the trial court, holding that in the tort action, the insurer is bound by the judgment only as to the liability of the uninsured motorist; that

the insurer may raise the issue of coverage either in the tort action or at a later date.

The applicable code section is T.C.A. § 56–1153, which reads in part:

56–1153. *Service upon the insurance carrier—Arbitration not required.*—Any insured intending to rely on the coverage required by §§ 56–1148—56–1153 shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice; provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

.    .    .    .    .

Three Tennessee cases have construed this section. In the first, *Glover v. Tennessee Farmers Mutual Insurance Company,* 225 Tenn. 306, 468 S.W.2d 727 (1971), the insured brought an action directly against the insurer. The Court held this was not authorized by the statute, and in response to the insurer's argument that any other construction would require that two lawsuits be maintained, said:

"This interpretation of the act will not, as the Glovers argue, require a suit against the insurance company after recovery of a judgment against the uninsured motorist. It is clear that when the requirement of § 56–1153, with respect to affording the insurance carrier the right to defend the uninsured motorist is complied with, the insurance carrier is bound by the judgment. The whole intent and purpose of the uninsured motorist act, is, in essence, to provide *protection* by making the insurance carrier stand as the insurer of the uninsured motorist, with

two necessary consequences. (1) The suit has to be brought against the uninsured motorist, with the fact of insurance excluded as a possible prejudicing factor, as in any other such case; and (2) the insurance company is bound by the judgment rendered in that suit, to the extent of its policy limits, where it is afforded the statutory opportunity to defend the uninsured motorist." (citations omitted) 468 S.W.2d at 730.

The *Glover* case held that the act does not require a suit against the insurance company after recovery of a judgment against the uninsured motorist and that the insurance company is bound by the judgment to the extent of its policy limits. No distinction was made between being bound as to coverage or as to liability.

The insurance carrier in *Thearp v. Travelers Indemnity Company*, 504 S.W.2d 763 (Tenn.App.1972), maintained that no coverage was provided by either of two policies issued by it, pursuant to which the plaintiff's might claim, and made a motion for severance in order to litigate the coverage issue separately. This motion was denied, and the Court of Appeals held the motion for severance should have been granted so that the presence of insurance coverage would not be brought before the jury. The Court then looked to the effect of the *Glover* decision:

"Since we construe the opinion of the Supreme Court in the *Glover* case to hold that Travelers would have been bound to the extent of its coverage by the judgments in favor of the plaintiffs in the tort cases against Green, we hold that Travelers, after being regularly served with process, became legally a party defendant in the tort cases though not so designated by name. Section 56–1153 provides that the evidence of service of process shall not be made a part of the record. We interpret this provision of the statute to mean that process should not be part of the record for the consideration of the jury trying the tort cases. Our opinion is fortified by the fact that Section 56–1153 expressly provides '. .

such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle *or in its own name  . .*'

We hold that Travelers had a right under the statute to file a plea in abatement or other pleadings necessary to present the question whether or not Travelers did, in fact, have uninsured motorist coverage in the tort cases then before the Circuit Court. It is our opinion the Travelers would have been estopped to deny coverage after the judgments became final if it had not made application to the Trial Judge for permission to litigate its coverage in tort cases." 504 S.W.2d at 766, 767.

In *McCall v. Maryland Casualty Company*, 516 S.W.2d 353 (Tenn.1974), the appellants were unable to obtain service of process upon the uninsured motorist, and alleged that because the insurance carrier had been served with process, it was under an obligation to appear and defend on behalf of the uninsured motorist. This Court rejected that contention and summarized, but in no way limited, the holding of *Thearp*:

"The statutes in question do provide for service of process upon the insurance carrier affording coverage for uninsured vehicles. It was held by the Court of Appeals in the case of *Thearp v. Travelers Indemnity Co.*, 504 S.W.2d 763 (Tenn. App., W.S.1972), that insurance carriers served with process under the provisions of T.C.A. § 56–1153 became legally parties defendant in a tort action. The Court in that case held that the insurance carriers were entitled to raise questions of coverage by appropriate pleadings in the tort cases, and that if they were erroneously denied this right, they could later raise such questions when sued upon judgments rendered against the uninsured motorist.

Nothing in either the *Glover* case or the *Thearp* case, *supra*, indicates that in-

surance carriers, served with process under T.C.A. § 56–1153, have any duty or obligation to defend the action on behalf of the uninsured motorist. They are given that right, but there is no duty on their part to do so, nor is service of process upon the uninsured motorist dispensed with by the statutory provisions." \* 516 S.W.2d at 354, 355.

■ The quoted language in *McCall* merely points out that the statute does not make it mandatory that the insurance carrier defend the uninsured motorist; it may do so in its discretion. If, however, the carrier chooses not to defend, it is bound by the judgment. *Glover* and *Thearp* make that clear.

■ We hold that respondent had sufficient notice that it would be bound by the judgment in the trial court as to any additional defenses that it might assert. The decision in *Thearp v. Travelers Indemnity Company, supra,* was released five (5) months before respondent received service of process from the Commissioner of Insurance. *Glover v. Tennessee Farmers Mutual Insurance Co., supra,* had been decided approximately one and one-half years prior to the service of process. Additionally, the summons itself required respondent to answer the complaint within thirty (30) days, or "[i]f you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint."

Our holding today that an insurance carrier served with process under T.C.A. § 56–1153 must assert any defenses in the trial court that it might have, or be estopped from later raising them comports with equitable principles. *See Staunton v. Clark,* 56 Tenn. 669 (1872); *Evans v. International Trust Co.,* 59 S.W. 373 (Tenn.Ch.App.1900).

The proper procedure in the instant case would have been for the respondent to have filed a motion or an answer denying cover-

age under the uninsured motorist provision of the policy, and a motion for severance to try the issues separately.

Having sustained petitioner's first assignment of error, we pretermit the second assignment asserting that respondent's motion for relief under Rule 60 T.R.C.P. was untenable.

The judgment of the Court of Appeals is reversed and that of the trial court is reinstated. Costs are adjudged against respondent, State Farm Mutual Insurance Company.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.

---

\* This was amended by Acts 1975, ch. 164 § 1. That Act provides that when service of process on an uninsured motorist is returned unserved, ". . . the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the said insurer to proceed as if it is the only defendant in such case." T.C.A. § 56–1153.