Robert L. DERRYBERRY and wife, Bertha M. Derryberry and Harold N. Derryberry, Plaintiffs-Appellees,

v.

Paul W. PRATT and Aetna Insurance Company, Defendants-Appellants.

Court of Appeals of Tennessee, Middle Section.

Aug. 26, 1977.

Robert W. Knolton of Leech, Hardin & Knolton, Columbia, for plaintiffs-appellees.

Jerry Colley of MacFarland, Colley, Blank & Jack, Columbia, for defendants-appellants.

## OPINION

TODD, Judge.

Aetna Insurance Company, uninsured motorist insurer of plaintiff, has appealed from the refusal of the Trial Judge to set

aside a default judgment against an alleged uninsured motorist and in favor of plaintiffs.

This suit was filed by three plaintiffs against Paul W. Pratt for injuries and damages in an automobile collision allegedly resulting from the negligence of Pratt. Process was regularly issued and served upon Pratt.

A summons was also issued against and served upon Aetna Insurance Company. Aetna Insurance Company was not named in the complaint; no right was asserted against Aetna Insurance Company; and no judgment was sought therein against Aetna Insurance Company.

On January 14, 1976, a motion was made for judgment by default and writ of inquiry against Paul W. Pratt for failure to timely plead to the complaint.

On January 20, 1976, a judgment by default was entered against Paul W. Pratt and writ of inquiry granted.

On February 17, 1976, a final judgment was entered against Paul W. Pratt and in favor of each of the plaintiffs for their respective damages.

On June 16, 1976, Aetna Insurance Company filed a motion pursuant to Rules 55.02 and 60.02 T.R.C.P. to set aside the default judgment "insofar as said default judgment affects the rights of Aetna Insurance Company." The grounds of said motion in substance were,

1. Aetna carried uninsured motorist insurance on a vehicle owned by the plaintiff, Robert L. Derryberry.

2. The injuries and damages herein alleged occurred in a collision of the Pratt vehicle with a vehicle owned by Harold N. Derryberry, son of Robert L. Derryberry. Neither of said vehicles were insured.

3. The uninsured motorist insurance on the vehicle of Robert L. Derryberry did not cover injuries in the subject collision because the Robert L. Derryberry vehicle was not involved in the collision *and* because the vehicle of Harold N. Derryberry was uninsured and owned by a member of the family of Robert L. Derryberry.

4. Aetna Insurance Company, believing that its policy did not cover the collision, so notified plaintiffs and refrained from any participation in the suit against Pratt.

5. On March 28, 1976, the opinion of the Supreme Court in the case of *Harvey v. Birchfield,* 535 S.W.2d 334, held that defenses of an uninsured motorist insurer must be asserted in the tort action brought against the uninsured motorist.

6. That said Supreme Court opinion was not published until May, 1976.

Said motion sought relief only to the extent of an opportunity to present its defense of lack of coverage.

On September 29, 1976, the Trial Judge overruled the motion of Aetna Insurance Company, and this appeal ensued.

The sole assignment of error complains of the action of the Trial Court in overruling the motion.

In the case of *Harvey v. Birchfield,* supra, plaintiff sued the uninsured motorist and served process upon her uninsured motorist insurer as provided by T.C.A. § 56–1153. Neither the uninsured motorist nor plaintiff's insurer answered the suit, but the insurer notified plaintiff's attorney that it denied coverage. On February 13, 1973, default judgment was entered *against both parties*; and, on May 8, 1973, final judgment was entered. The opinion does not state against whom final judgment was rendered. On August 14, 1973, a motion was filed to set aside the judgment and, on May 7, 1974, the motion was overruled. On appeal, the Court of Appeals reversed, holding that the insurer was bound by the tort judgment only to the extent of liability of the tort-feasor and the amount of damages and not as to the question of coverage. The Supreme Court reversed the Court of Ap-

peals and affirmed the refusal of the Trial Judge to set aside the default judgment.

With minor exceptions, *Harvey v. Birchfield* appears to be identical with the present case. The appellate record in said case has been retrieved from the archives and studied. It shows that the plaintiff specifically moved for and was granted a default judgment against plaintiffs' uninsured motorist insurer, upon whom process had been served. Said record also contains a final judgment which recites:

"It further appearing to the Court that State Farm Mutual Insurance Company was regularly served with process as the uninsured motorist carrier for the Complainant, and that said State Farm Mutual Insurance Company ignored said process and failed to plead or otherwise make defense as provided by the Tennessee Rules of Civil Procedure either on its own behalf or on behalf of the Defendant herein as it had a right to do pursuant to Tennessee Code Annotated Section 56–1153, and further, that said State Farm Mutual Insurance Company had a duty to bring any lack of coverage to the attention of the Court and has failed to do so, and the Court therefore finds by the action or inaction of said Defendant that there is uninsured motorist coverage and that the said State Farm Mutual Insurance Company is bound by the judgment herein.

"It is, therefore, ORDERED, ADJUDGED AND DECREED that the Plaintiff have and recover of the Defendant, Jerry Birchfield, the sum of Nine Thousand Dollars ($9,000.00) for bodily injury and the sum of One Thousand Five Hundred Dollars ($1,500.00) as damage to her automobile, together with the costs of this cause for all of which let execution issue if necessary."

It appears, therefore, that, in *Harvey v. Birchfield,* default judgment (pro confesso) was entered against the insurer, and final judgment stated that the insurer was bound thereby.

The opinion of the Supreme Court held that the insurer was precluded from pleading non-coverage in any action except the tort action against the uninsured motorist and that it was error for this Court to set aside the judgment of the Trial Court to allow the insurer to present its defenses.

Rule 60.02 T.R.C.P. reads in pertinent part as follows:

"*60.02 Mistakes; Inadvertence; Excusable Neglect; Fraud, etc.*

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . .. (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken."

Prior to the decision of the Supreme Court in *Harvey v. Birchfield,* it was the announced opinion of this Court that uninsured motorist insurers were not required to litigate coverage until sued directly; wherefore, this Court would not be disposed to penalize parties whose counsel held a like opinion and acted accordingly, except for *Harvey v. Birchfield.*

This is especially true in the light of Rule 60.02, since the relief requested is *not* the avoidance of the judgment which was rendered (i. e., against Paul W. Pratt, not appellant); but the requested relief is from the bar of defense of *non-coverage* as imposed in *Harvey v. Birchfield.*

The present case might be distinguished from *Harvey v. Birchfield* on the ground that no judgment was entered in the Trial Court against the insurer-appellant. However, in view of the forceful and general nature of the declarations of the Supreme Court in *Harvey v. Birchfield,* such a distinction does not appear to be justified.

The action of the Trial Judge is affirmed. The costs of this appeal are adjudged against appellant.

Affirmed.

GILLIAM and MILES, S. JJ., concur.