STATE FARM MUTUAL INSURANCE
CO., Petitioner,

v.

Archie PARLIER et ux., Respondents.

Supreme Court of Tennessee.

July 10, 1978.

Edwin L. Treadway, Steven C. Rose, Hunter, Smith, Davis, Norris, Treadway & Hadden, Kingsport, for petitioner.

Stuart Hampton, Elizabethton, for respondents.

## OPINION

WILLIAM I. DAVIS, Jr., Special Justice.

This case involves the right of an insurance carrier to litigate an issue of coverage under provisions of the statutes and its insurance policies relating to uninsured motorist. It is here pursuant to writ of certiorari heretofore granted on petition of State Farm Mutual Insurance Company. The sole complaint of petitioner is that the Court of Appeals failed and/or refused to remand the case to the trial court for an evidentiary hearing on the issue of coverage initially raised by petitioner's motion for summary judgment.

The history of this litigation is that respondents Parlier had policies of insurance covering their two vehicles, Volkswagen and Ford automobiles, both policies issued by petitioner and providing uninsured motorist protection. Respondents' son, while

riding a motorcycle, was killed in a collision with a vehicle driven by Franklin D. Richardson, who had no insurance coverage. Respondents filed an action for damages against Richardson alleging negligent operation of his vehicle and also caused petitioner to be served with process under provisions of T.C.A. § 56–1153. Richardson interposed no defense. Petitioner filed a motion for summary judgment asserting as one of its grounds that the policies of insurance issued to respondents provided no uninsured motorist coverage for the death of the Parlier youth while riding a motorcycle; also, that the complaint failed to reflect who was the owner of the motorcycle or if it was being permissively operated, the complaint merely referring to ownership by stating the deceased "was riding *his* Kawasaki Motorcycle."

The trial judge overruled petitioner's motion for summary judgment on December 16, 1975. Respondents were awarded a default judgment against Richardson on January 20, 1976. Petitioner did not further plead in the trial court and took no further action until it filed its petition for writ of error in the Court of Appeals on December 6, 1976. Propriety of the issuance of the writ of error is not questioned in this Court.

The Court of Appeals held that the issue was narrowed to whether the motorcycle was owned by the named insured or any resident of the same household and concluded that the petitioners' motion for summary judgment "presented a disputed issue as to a material fact, namely, did the named insured or any member of the same household own the motorcycle." The Court of Appeals further observed that the word "his" as used in the complaint may or may not denote ownership in the deceased member of the same household and held that petitioner's motion for summary judgment was properly overruled. The Court of Appeals then stated "the judgment of the trial court is affirmed. This lawsuit is remanded to the trial court for enforcement of its judgment."

Respondents rely upon *Harvey v. Birchfield,* Tenn., 535 S.W.2d 334, an uninsured motorist case, to sustain their assertion that respondents have a judgment against petitioner in the trial court by reason of the judgment awarded respondents against Richardson, and having failed to further plead or make an issue of coverage, the petitioner is estopped to rely upon asserted lack of coverage as a defense.

In the *Harvey* case it was held that the insurer must raise the defense of absence of coverage under the insurance policy in the tort action or be estopped from later relying on it as a defense; that if a carrier chooses not to defend, it is bound by the judgment. The Court stated "[o]ur holding today that an insurance carrier served with process under T.C.A. § 56–1153 must assert any defenses in the trial court that it might have, or be estopped from later raising them comports with equitable principles." 535 S.W.2d at 337.

There are two material factual distinctions between the *Harvey* case and the present case. One, in the *Harvey* case, no defensive pleading of any kind was filed by the insurer. Not true here. Two, in the *Harvey* case, a default judgment was actually entered against the insurer as well as the uninsured motorist. In this case before us we find from a reading of the record that it cannot be reasonably concluded that any judgment, certainly not a money judgment or award of damages has ever been granted respondents against petitioner. The *Harvey* case does not fully resolve the question here.

There is some mention in brief and oral argument of the pendency of an action to collect respondents' judgment. Possibly the filing of that action may have prompted the filing of the petition for writ of error. Equally plausible would be the inference that the filing of such action was prompted by the recognition that respondents had no judgment against petitioner. But that case, if it exists, is not before us in any manner.

We hold that under the record in this case the petitioner is not yet bound by the judgment for damages awarded respondents against Richardson; that the issue of

coverage has not been adjudicated on its merits and should be if either party wishes; that petitioner is not estopped to present its defense of lack of coverage.

The judgment of the Court of Appeals is affirmed. The case is remanded with clarifying directions that the parties be afforded an opportunity to litigate the issue of insurance coverage found to be a genuine issue of material facts by the Court of Appeals, and for such further proceedings deemed necessary, consistent with the opinion of this Court.

HENRY, C. J., and COOPER, FONES and HARBISON, JJ., concur.