**Jennita Faye Smith HUTCHISON,
Plaintiff-Appellant,**

v.

**TENNESSEE FARMERS MUTUAL
INSURANCE COMPANY,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Feb. 4, 1983.

Permission to Appeal Denied by
Supreme Court May 31, 1983.

Paul T. Gillenwater, Gillenwater & Nichol, Knoxville, for plaintiff-appellant.

John T. Johnson of Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

The plaintiff's suit against decedent's insurance company, seeking uninsured motorist coverage for an Alabama judgment for the wrongful death of deceased, was dismissed by the trial judge by summary judgment on the ground workmen's compensation death benefits had been paid in excess of the uninsured motorist coverage provided in the policy.

Plaintiff concedes *lex loci contractus* becomes as much a part of a contract as if specifically incorporated therein and, in the absence of evidence of a contrary intention, the laws of the state where the policy was issued and delivered are applicable to the terms of the agreement, *Moak v. Continental Casualty Co.*, 4 Tenn.App. 287 (1927), but advances three reasons why uninsured motorist coverage should be afforded to deceased's estate. First, the parties to the insurance contract intended the laws of Alabama would be applied in determining coverage where the insured was involved in a motor vehicle accident in the State of Alabama, or, in the alternative, if Tennessee law is applicable the estate is entitled to recover under Tennessee law and, finally, the insurance company by failing to assert policy defenses in the U.S. District Court in Alabama in the wrongful death action is estopped to raise coverage defenses in this action.

Plaintiff relies on *Kemp v. Allstate Ins. Co.*, 183 Mont. 526, 601 P.2d 20 (Mont. 1979), wherein the Montana Supreme Court construed a policy issued in another state to a non-resident in accordance with Montana law where the insured vehicle was involved in an accident in the State of Montana. The case is not persuasive since its determination was dictated by a Montana statute which requires contracts to be interpreted according to the law and usage of the place where the contract is performed. § 28–3–102 MCA.

In arguing the policy intends application of Alabama law, plaintiff refers to the provisions in the policy that uninsured motorist coverages apply to accidents occurring within the United States, its territories or possessions, or Canada, and the out-of-state insurance endorsement which states:

> OUT–OF–STATE INSURANCE ENDORSEMENT—It is agreed that, subject to all the provisions of the policy except where modified herein, the following provision is added: If, under the provisions of the motor vehicle financial responsibility law or the motor vehicle compulsory insurance law or any similar law of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by the policy, the limits of the company's liability and the kinds of coverage afforded by the policy shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province; provided that the insurance under this provision shall be reduced to the extent that there is other valid and collectible insurance under this

or any other motor vehicle insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss.

We are advised of no Alabama law that requires non-residents of that state to carry any amount of uninsured motorist coverage. We find no intent expressed in the contract of insurance to apply Alabama law in construing the policy.

■ The insurance company concedes that under Alabama law the estate would be entitled to recover $20,000.00 under the policy. Some jurisdictions would apply Alabama law in this case; however, the "dominant contact" rule of conflict of laws has not been adopted in Tennessee and arguments for its adoption are properly addressed to the Supreme Court who rejected the rule in 1975. *Great American Ins. Co. v. Hartford Acc. & Indem. Co.,* 519 S.W.2d 579 (Tenn.1975).

■ The insurance company argues and plaintiff concedes *Terry v. Aetna Casualty and Surety Company,* 510 S.W.2d 509 (Tenn.1974), held a workmen's compensation offset is a valid policy defense. Plaintiff argues since the date of the *Terry* decision, the uninsured motorist statutes have been amended at least twice and the rationale of *Terry* is no longer applicable. Our review of the statutory amendments to the date of this accident in November, 1978, does not establish that the amendments rendered invalid the workmen's compensation offset provision in the policy. *See* T.C.A., § 56–7–1205.[1]

■ Finally, the estate asserts the insurance company was served with a copy of

the complaint in the Alabama suit against the uninsured motorist and, since it did not litigate the coverage limitations in that action, it is now estopped to assert policy defenses, citing *Derryberry v. Pratt,* 557 S.W.2d 923 (Tenn.1977); *Harvey v. Birchfield,* 535 S.W.2d 334 (Tenn.1976). The insurance company denies it was properly served with process in the Alabama case; however, on this record it is bound to the assertion in the complaint "that the defendant, Tennessee Farmers Mutual Insurance Company, was served with process in accordance with Tennessee Code Annotated, § 56–7–1206, affording it notice and opportunity to participate in the defense of the uninsured motorist, Billy Joe Martin." However, on these facts we conclude *Harvey* is not applicable. T.C.A., § 56–7–1206 is remedial and has no extra territorial effect. *See Sherwin-Williams Co. v. Morris,* 25 Tenn.App. 272, 156 S.W.2d 350 (1941). We have been cited no provision in Alabama law requiring service of process upon the uninsured motorist carrier in a tort action against an uninsured motorist and no judgment was entered against the insurance company in the Alabama suit. Moreover, under Alabama law direct actions against insurors are proper. *State Farm Mutual Automobile Insurance Co. Inc. v. Griffin,* 51 Ala.App. 426, 286 So.2d 302 (1973).

*Harvey* does not address the procedure involved in obtaining a foreign judgment against an uninsured motorist. Nor does *Glover v. Tennessee Farmers Mutual Insurance Co.,* 225 Tenn. 306, 468 S.W.2d 727 (Tenn.1971), necessarily bar a direct action against the insurance company to satisfy the foreign judgment. Until a judgment

---

1. § 56–7–1205 provides:

*Minimum policy limits not increased.*—Nothing contained in §§ 56–7–1201—56–7–1206 shall be construed as requiring the forms of coverage provided pursuant to §§ 56–7–1201—56–7–1206, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a

motorist who was insured under a policy of liability insurance with the minimum limits described in § 55–12–107, or the uninsured motorist liability limits of the insured's policy if such limits are higher than the limits described in § 55–12–107. Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits.

has been entered against the uninsured motorist insuror on the merits, it is not estopped to present its policy defenses in an action against it. *State Farm Mut. Ins. Co. v. Parlier,* 569 S.W.2d 406 (Tenn.1978).

We affirm the summary judgment entered in favor of defendant insurance company and costs of appeal are assessed to appellant.

SANDERS and GODDARD, JJ., concur.