WOLF, Judge.
James A. Allison and Claudia R. Allison, residents of Tennessee, appeal from a final summary judgment in their action against their carrier, Liberty Mutual Fire Insurance Company (Liberty Mutual), on an uninsured motorist claim. We find that the trial court erred in entering final summary judgment based upon its finding that the plaintiffs had no direct right of action against the insured under Tennessee law.
The appellants, James and Claudia Allison, are residents of Tennessee. On September 1, 1993, while vacationing in Bay County, Florida, they were struck by a vehicle driven by Dale Edward Barth. Mrs. Allison was injured, but Mr. Allison did not claim any injuries. Dale Barth was insured by Atlanta Casualty with policy limits of $50,000. The Allisons had an automobile insurance policy with Liberty Mutual, which included uninsured/underinsured motorist coverage (UM).
On May 11, 1994, counsel for appellants contacted appellee in Tennessee and requested that appellants be allowed to settle with Barth and Atlanta Casualty for $50,000. By letter dated July 19, 1994, appellee authorized settlement and waived its right of sub-rogation. Atlanta Casualty settled on behalf of Dale Barth and paid its policy limits.
The Allisons and Liberty Mutual were unable to reach agreement on the value of the uninsured motorist claim. The Allisons filed suit against Liberty Mutual on February 28, 1995.
Trial was scheduled for June 10,1996. On May 3,1996, Liberty Mutual filed a motion to dismiss for lack of subject-matter jurisdiction, and a motion for summary judgment, alleging that the law of the state of Tennessee does not allow for a direct action to be brought against an uninsured/underinsured motorist carrier. After a hearing on May 20, 1996, the court entered an order dismissing the plaintiffs’ complaint for lack of subject-matter jurisdiction, finding that the complaint should have been filed in Tennessee. Final summary judgment was entered in favor of Liberty Mutual on March 17, 1997, finding that the law of Tennessee controls this case and Tennessee law does not allow for direct action against a UM carrier. The trial court’s order of final summary judgment is being appealed here.
Appellants argue that Liberty Mutual waived its right to have Tennessee law apply through its course of conduct in approving appellants’ settlement with the tort-feasor in accordance with Florida law, or, if Tennessee law applies, that the facts of this case represent an exception to the general law of Tennessee that an insured cannot bring a direct cause of action against its own uninsured motorist carrier. We find merit in the second argument.
Both parties agree that the doctrine of lex loci contractus requires application of the substantive law of Tennessee (the jurisdiction where the insurance contract was entered into) to determine appellants’ rights to bring an uninsured motorists’ claim pursuant to the terms of the insurance policy.[1] See *679 Lumbermens Mutual Cas. Co. v. August, 530 So.2d 293, 295 (Fla.1988).
In Glover v. Tennessee Farmers Mut. Ins. Co., 225 Tenn. 306, 468 S.W.2d 727 (1971), the Tennessee Supreme Court expressly held that the uninsured motorist statute of Tennessee (T.C.A. §§ 56-1148 to 56-1153) does not authorize insureds to bring action directly against their insurer. Appellants cite to two Tennessee cases which provide exceptions to the general rule of Glover which forbids an insured from suing his UM carrier directly: Schleif v. Hardware Dealer’s Mut. Fire Ins. Co., 218 Tenn. 489, 404 S.W.2d 490 (1966), and Bolin v. Tennessee Farmer’s Mut. Ins. Co., 614 S.W.2d 566 (Tenn.1981).
In Schleif, where the identity of the hit- and-run tort-feasor was unknown, the Tennessee Supreme Court held that a direct action could be brought against the UM carrier. In Bolin, the court found an exception to the Glover rule where strict adherence to the rule would be unduly harsh or would deprive appellants of valid insurance which they had purchased. In Bolin, the insureds were plaintiffs in a tort action in which the liability insurance carrier conducted the defense of the alleged tort-feasor, and it was not until the final judgment that the plaintiffs learned that the defendant’s insurance carrier defended the action under a reservation of rights, and that it, therefore, denied coverage to him. When appellants invoked their own uninsured motorist coverage, they were met with the defense that they had failed to comply with the service of process provisions of the Tennessee statute. The Tennessee Supreme Court held in Bolin that where a tort claimant proceeds against a person who is apparently insured, but later discovers at some point that the tort-feasor’s liability insurance is insufficient or unavailable, the tort claimant will not be deprived of the benefit of his own uninsured motorist protection.
Some important and pertinent concepts can be gleaned from Schleif and Bolin:
1.Under Tennessee statutes, prohibition against an uninsured motorist bringing a suit against its own insurer is not absolute.
2. Where it is impossible or impractical to follow the Tennessee statutory procedures, strict compliance will not be required.
3. The requirements of the Tennessee statutes should not serve to defeat a valid claim of an insured to recover from its own uninsured motorist coverage which had been purchased.
In the instant case, a continued suit against the tort-feasor is no longer possible at least in part because of the actions of Liberty Mutual in approving the settlement. Under these circumstances, the insurance carrier may not argue that a lawsuit against the carrier for uninsured motorist benefits is precluded.
The summary judgment is reversed. The case is remanded to the trial court for proceedings consistent with this opinion.
BOOTH and VAN NORTWICK, JJ., concur.

. While appellants argue that appellee has waived its right to apply Tennessee law, it is *679 unnecessary for us to reach this claim in light of our holding.