**Brenda Whittaker SIMS and Walter LeBron Sims, Plaintiffs–Appellees,**

v.

**Richard BARHAM and Aetna Life & Casualty Insurance Company, Uninsured Motorist Carrier, Defendants–Appellants.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 18, 1987.

Permission to Appeal Denied by Supreme Court Dec. 7, 1987.

Robert W. Sauser, Luther, Anderson, Cleary & Ruth, P.C., Chattanooga, for defendant-appellant, Aetna Life & Cas. Ins. Co.

Selma Cash Paty, Paty, Rymer & Ulin, P.C., Chattanooga, for plaintiffs-appellees.

· OPINION

ANDERSON, Judge.

This case arises under the uninsured motorist provisions of T.C.A. § 56–7–1206. Defendant–Appellant Aetna Life & Casualty Insurance Company appeals from a trial court judgment awarding Plaintiff-Appellee Brenda Sims $22,309.13 and costs from Aetna under her uninsured motorist coverage. We affirm the decision of the trial court and remand.

The pertinent facts are as follows. Plaintiff-Appellee Brenda Sims was injured as a result of an automobile accident with Defendant Richard Barham in August, 1984, and filed a complaint, a copy of which was served upon Aetna pursuant to T.C.A.

§ 56–7–1206(a) [1]. Aetna answered the complaint, admitting that it provided uninsured motorist coverage to Ms. Sims in the amount of $100,000. In January, 1986, the trial court ordered that the case be reset pursuant to Aetna's request to obtain an independent physical examination of Ms. Sims. In April of 1986, the trial court approved an Aetna motion and agreed order amending its answer to allow Aetna an offset for any sums paid Brenda Sims under the medical payments provision of her insurance policy.

In June of 1986, the trial court entered judgment of $40,000 in favor of Ms. Sims, pursuant to a jury award in that amount. Defendant Barham's motion for a new trial or remittitur was overruled and Mr. Barham's insuror, Allstate Insurance Company, paid its policy limits of $15,000 into the office of the Circuit Court Clerk, leaving $25,000 of the original judgment unpaid. Following that, Mr. Barham's attorney moved to withdraw as counsel on the grounds that "he was retained by Allstate Insurance Company, and Allstate Insurance Company has now paid its policy limits into the Registry of the Court pursuant to the judgment entered against Richard Mark Barham." The order allowing counsel's withdrawal was entered on August 15. Ms. Sims then moved to enter judgment against Aetna on September 2. On September 23, 1986, after allowing Aetna an offset for the $2,690.87 it had paid Ms. Sims under the medical payments provision of her policy, the trial court, finding that the Allstate policy had limits of $15,000 and had been paid, entered judgment against Aetna for $22,309.13 and all unpaid costs. Aetna appeals that judgment.

Aetna asserts that it should not be liable for the judgment because Ms. Sims failed at trial to show any evidence that Mr. Barham was uninsured. In support of its argument, Aetna refers us to our recent unpublished opinion in *Gatlin v. Tennessee Farmers Mutual Ins. Co.*, (Tenn.App., Nov. 7, 1986) [Available on WESTLAW, 1986 WL 12492] *perm. app. granted*, June 15, 1987.[2] *Gatlin* reasserted the principle that in cases involving uninsured motorist coverage, "it is encumbent upon the plaintiff to make out the issue of coverage, either by pleading it in the complaint and/or proferring evidence." *Id.* at 4.

The trial court's decision here does not conflict with *Gatlin*. Neither does it conflict with the dictates of the Supreme Court in *Glover v. Tennessee Farmers Mutual Ins. Co.*, 225 Tenn. 306, 468 S.W.2d 727 (1971). Interpreting the clear language of T.C.A. § 56–7–1206(a), the *Glover* court held as follows:

It is clear that when the requirement of [§ 56–7–1206(a)], with respect to affording the insurance carrier the right to defend the uninsured motorist is complied with, the insurance carrier is bound by the judgment. The whole intent and purpose of the Uninsured Motorist Act is, in essence, to provide *protection* by making the insurance carrier stand as the insurer of the uninsured motorist, with two necessary consequences. (1) The suit has to be brought against the uninsured motorist, with the fact of insurance excluded as a possible prejudicing factor, as in any other such case; and (2) the insurance company is bound by the judgment rendered in that suit, to the extent of its policy limits, where it is

1. **56–7–1206. Service of process—Actions by insurers—John Doe warrants—Arbitration.—(a)** Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by the law in the name of the owner and operator of the uninsured motor vehicle or its own name; provided, however, that nothing

in this subsection shall prevent such owner or operator from employing counsel of his own choice; provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

2. Following our having filed the instant opinion, *Gatlin* was reversed by the Supreme Court. The Court found there, as we do here, that the Plaintiff had raised the issue of coverage, and that Tenn.R.Civ.P. Rule 54.02 did not require that the issue be litigated before or immediately after the jury returned its verdict.

afforded the statutory opportunity to defend the uninsured motorist.

225 Tenn. at 313, 468 S.W.2d at 730 (emphasis in original).

It is clear from the record that Ms. Sims made out the issue of coverage, and it is equally clear that the existence and amount of coverage was proved by competent evidence. Ms. Sims brought suit against the uninsured motorist, Mr. Barham, and served a copy of the process on Aetna. At that point, Aetna "became legally a party defendant in the tort [case] though not so designated by name." *See, Thearp v. Travelers Indemnity Co.,* 504 S.W.2d 763, 766 (Tenn.App.1972). That alone was sufficient to "make out the issue of coverage" under *Gatlin,* and, as contemplated by *Glover,* afforded Aetna the statutory opportunity to defend the uninsured motorist.

The record is clear that Aetna participated in this case. It filed an answer, an amended answer, and requested that the case be reset for an independent physical examination of Ms. Sims.

Aetna apparently believes that, because the question of uninsured motorist coverage was not litigated before the jury verdict was returned, Ms. Sims was estopped from recovering under her policy. It is clear, however, that the case could not have been terminated until the final judgment was entered against Aetna on September 23, 1986. T.R.Civ.P., Rule 54.02.[3]

Aetna's contention that there was no evidence to support the judgment against it is clearly mistaken. Allstate's attorney moved to withdraw on July 21, 1986, having set out Barham's Allstate policy limits and paid them into the clerk's office. During the hearing on Appellee's motion to enter judgment against Aetna, Appellee called an employee of the Circuit Court Clerk, who testified that Mr. Barham's insurance company had paid $15,000 into the Circuit Court Clerk's office, and provided a receipt from the Circuit Court Clerk's office for that amount, which was then admitted into evidence.

Even absent the Clerk's receipt and employee's testimony, it would have been entirely appropriate for the trial court to have taken judicial notice of the $15,000 policy limit paid into the Clerk's office by Allstate. *See, Davis v. Robertson,* 165 Tenn. 609, 614, 56 S.W.2d 752, 753 (1933); *Stone v. O'Neal,* 19 Tenn.App. 512, 519, 90 S.W. 2d 548, 552 (1935). Further, Aetna's answer admits the existence and validity of a $100,000 uninsured motorist provision in Ms. Sims's policy. We find, therefore, that Appellee made out the issue of coverage, and that the preponderance of the evidence supported the trial court's awarding Appellee the amount of judgment and costs in excess of Mr. Barham's insurance coverage, all of which Aetna agreed to pay when it contracted to insure Ms. Sims. Having been afforded the opportunity to defend Mr. Barham or to participate in its own name, Aetna is bound by the judgment. *Glover,* 225 Tenn. at 313, 468 S.W.2d 727. *Accord, Harvey v. Birchfield,* 535 S.W.2d 334, 337 (Tenn.1976); *Gatlin, supra; Thearp, supra.*

The decision of the trial court is affirmed and remanded. Costs of this appeal are taxed to Appellant Aetna.

GODDARD, J., and WILLIAM H. INMAN, Special Judge, concur.

---

**3.** 54.02. Multiple claims for relief.—When more than one claim for relief is present in an action, whether as a claim, counter claim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction of the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all of the claims and the rights and liabilities of all the parties.