Charles W. WEBSTER, Jr. and wife Sonya Webster, Plaintiffs-Appellees,

v.

Randall B. HARRIS, and Ben Carter, Defendants,

Nationwide Mutual Insurance Company (Uninsured Carrier) Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 4, 1987.

Certiorari Denied by Supreme Court March 30, 1987.

Fred C. Dance, Dance & Dance, Nashville, for plaintiffs-appellees.

Thomas M. Donnell, Jr., Stewart, Estes & Donnell, Nashville, for defendant-appellant.

## OPINION

TODD, Presiding Judge.

This is an action against uninsured motorists with service of process upon plaintiff's insurance carrier as provided by T.C.A. § 56–7–1206(a). After entry of default judgment against the uninsured motorists, the Trial Court refused to set aside the default judgment on motion of the insurer, held that the insurer was not entitled to a trial on the issue of liability and limited the insurer's defense to the issue of amount of damages. The Trial Court and this Court granted interlocutory appeal under the provisions of T.R.A.P. Rule 9.

The procedural history of the case is as follows:

On May 30, 1986, plaintiffs filed their complaint against Randall B. Harris, Ben Carter and Nationwide Mutual Insurance Company, alleging injuries and damages as a result of the negligent operation of a vehicle driven by Randall B. Harris and owned by Ben Carter neither of whom were insured by liability insurance. It was also alleged that Nationwide Mutual Insurance Company was liable to plaintiffs under the uninsured motorist coverage of a policy of insurance issued to plaintiffs. The complaint demanded a jury trial.

The record shows that summons was issued and served on Randall B. Harris, and

that summons was issued against Ben Carter and returned unserved. The record contains no indication of the issuance or service of a summons upon Nationwide. However, the record contains a letter from counsel for Nationwide requesting that they be entered upon the docket as counsel for Nationwide.

On June 27, 1986, Nationwide filed a motion to dismiss on the ground that T.C.A. § 56–7–1206 does not permit the uninsured motorist insurance carrier to be named as a party defendant as was done in plaintiff's complaint.

On July 11, 1986, plaintiffs moved for default judgment against Randall B. Harris for failure to timely answer the complaint. Service of the motion upon Randall and counsel for Nationwide was certified by plaintiff's counsel.

On July 17, 1986, Nationwide answered the complaint admitting the operation of the described vehicle by Randall B. Harris, but denying all allegations of his negligence, demanding strict proof of any damages claimed by plaintiffs, and of the ownership of the vehicle operated by Harris. The answer moved to strike the allegations of uninsured motorist and uninsured motorist insurance, admitted the issuance to plaintiffs of a $25,000 uninsured motorist policy, alleged contributory negligence of plaintiffs and asserted the defenses of sudden emergency and unavoidable accident. The answer demanded a trial by a 12 person jury.

On July 21, 1986, the Trial Court entered an order reciting:

This cause came on to be heard on July 18, 1986 upon the Plaintiffs' Motion for Default against the Defendant Randall B. Harris and after hearing statement of counsel and a review of the entire record the Court found that the Defendant Randall B. Harris was served with process in this matter on June 2, 1986 and has failed and refused to file an answer or make an appearance within the time prescribed by law and therefore all the allegations in the Complaint against Randall B. Harris are to be considered as admitted, it is therefore

ORDERED, that all the allegations contained in the Complaint against the Defendant Randall B. Harris are admitted as true and correct, and it is further

ORDERED, that Plaintiffs have judgment against the Defendant Randall B. Harris as to liability, and it is further

ORDERED, that a trial, for the purpose of assessing damages, be and is hereby set for 14th day of August, 1986 at 9:00 a.m., before the Court without a jury, the Plaintiff herein having waived the said jury demand in open Court.

On July 23, 1986, the Trial Court sustained Nationwide's motion to dismiss and struck from the complaint all allegations as to insurance coverage, but did not order Nationwide removed from the caption, and this was not done.

On July 25, 1986, Nationwide moved to set aside the default judgment against Harris and to cancel the hearing on damages only, or, in the alternative for an order that the assessment of damages against Randall would not be binding upon Nationwide.

On August 7, 1986, the Trial Court overruled the motion of Nationwide except that:

ORDERED, that the trial in this matter shall be to damages only and that the damage hearing shall be before a jury of twelve persons, as is the right of Nationwide, and Nationwide shall have the opportunity to appear and defend as to the issue of damages, . . . .

On August 19, 1986, Nationwide filed a "Motion to Reconsider" (which is not authorized by any Tennessee Statute or Rule) or in the alternative for permission to appeal. In opposition to said motion, counsel for plaintiffs filed an affidavit stating the following:

2. That prior to Friday, July 18, 1986, the Honorable Thomas E. Donnell, Jr., attorney of record for Nationwide Insurance Company, discussed with the Affiant's office as to some agreed type of dispositions for the motions to be heard in the Second Circuit Court of Davidson County, Tennessee on July 18, 1986, which motions were the Plaintiff's mo-

tion against the Defendant Harris for default judgment and the second motion being the motion of Nationwide Insurance Company for an Order of the Court dismissing the suit as to Nationwide Insurance Company and striking all provisions of the Complaint which made reference to said Nationwide Insurance Company;

3. That on the morning of July 18, 1986 shortly after 8 a.m. the Honorable Thomas E. Donnell, Jr., attorney of record for Nationwide Insurance Company, again called the office of Affiant with respect to the disposition of said motions to be taken up at 9:00 a.m. that day and at that time Affiant discussed with the Honorable Thomas E. Donnell said disposition and it was agreed between Affiant and the Honorable Thomas E. Donnell that the Plaintiffs would not oppose the motions of Nationwide Insurance Company provided that Nationwide Insurance Company did not then or at any time thereafter oppose Plaintiff's motion for a default judgment against the Defendant Harris;

4. That after Affiant and the Honorable Thomas E. Donnell struck the agreement as mentioned in paragraph 3 above, the Honorable Thomas E. Donnell then stated that he would be arriving late at the motion docket call and it was agreed that Affiant would make the announcement to the Court that there were the two motions pending in this case and that it was agreed between Affiant and the Honorable Thomas E. Donnell that neither one would oppose the motion of the other;

5. That Affiant was present on the opening of the Court on July 18, 1986 at 9:00 a.m. upon the regular motion docket call and upon the call of this case Affiant made the announcement to the Court as had been agreed upon as stated above and thereafter the respective Orders were submitted to the Court for approval and entry which was done;

. . . .

On September 11, 1986, the Trial Court overruled Nationwide's "Motion to Reconsider", but granted permission to appeal.

Nationwide presents the following issues for review:

I. Whether Nationwide, as the uninsured motorist carrier, has the right to defend this case both on the issues of liability and damages where Nationwide filed an Answer in its own name before a default judgment was taken against the uninsured motorist, who failed to file an Answer in his own name.

II. Whether the trial court erred in holding that Nationwide was bound by the default judgment taken against the uninsured motorist and is entitled to a jury trial on the issue of damages only where Nationwide filed an Answer within thirty (30) days after service of process contesting both the issues of liability and damages.

Prior to consideration of the foregoing issues, it is appropriate for this Court to raise and consider a preliminary issue: that is, whether the naming of Nationwide in the caption of the complaint was permissible under T.C.A. § 56-7-1206 and whether the striking from the complaint of the allegation regarding insurance without striking Nationwide as a named defendant was adequate and sufficient remedy for the irregularity.

T.C.A. § 56-7-1206 provides as follows: Service of process—Actions by Insurers—John Doe warrants—Arbitration.— (a) Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; *such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name;* provided, however, that nothing in this subsection shall prevent such owner or operator from employing counsel of his own choice; provided, further, that the evidence of ser-

vice upon the insurance carrier shall not be made a part of the record.

(b) If the owner or operator of any motor vehicle which causes bodily injury or property damage to a person insured under this part is unknown and if such insured satisfies all of the requirements of § 56–7–1201(e), should suit be instituted the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of his uninsured motorist policy. If the uninsured motorist's identity and whereabouts is discovered during the pendency of the proceeding, *the provisions of subsection (e) of this section shall govern the proper course of action* following such discovery.

(c) The uninsured motorist provision shall not require arbitration of any claim arising thereunder nor shall the insured be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings.

(d) In the event that service of process against the uninsured motorist, which was issued to his last known address, is returned by the sheriff or other process served marked, "Not to be found in my county," or words to that effect; or if service of process is being made upon the secretary of state for a nonresident uninsured motorist and the registered notice to the last known address is returned without service on the uninsured motorist, the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in such a case.

(e) In the event the uninsured motorist's whereabouts is discovered during the pendency of the proceedings, an alias process may issue against the uninsured motorist. In such a case, the uninsured motorist shall be allowed a reasonable time within which to plead to the original process and *then the case may proceed against uninsured motorist as if he was served with process in the first instance.* [Acts 1967, ch. 371, § 6; 1975,

ch. 164, § 1; T.C.A., § 56–1153; Acts 1984, ch. 655, § 1.] (Emphasis supplied.)

■ Under ordinary circumstances, suit may not be brought directly against the uninsured motorist insurance company. *Hooper v. State Farm Mut. Auto. Ins. Co.,* Tenn.App.1984, 682 S.W.2d 505.

The record may not show service of process upon the uninsured motorist insurance company. § 56–7–1206, supra.

■ The uninsured motorist insurance company is allowed to file pleadings in the name of the uninsured motorist *or in its own name.* Ibid. This option is destroyed if the plaintiff is permitted to name the insurance company in the caption of the complaint.

It is perfectly clear that the statute preserves for the uninsured motorist carrier the same right of anonymity as that enjoyed by a liability insurance carrier as it defends its insured as the only named defendant.

■ The proper disposition of Nationwide's motion to dismiss should have included an outright dismissal of the entire case with leave to refile it against only the proper parties, or to order the name of Nationwide to be expunged from all pleadings and records in the cause.

Nationwide was named in the caption as a defendant, and the complaint stated:

> Comes the plaintiffs (naming them) and sues (sic) *the defendants* (not naming them)....

Therefore, Nationwide was placed under the necessity of filing its answer in its own name, contrary to the provisions of the statute.

■ There was no basis for entering any default judgment which would affect the right of Nationwide in its own name. Moreover, the entry of default judgment against the uninsured motorist should not in justice deprive Nationwide of the privilege of timely defending in the name of the uninsured motorist, the timeliness of such

defense to be measured from the time of service upon Nationwide (if such had occurred) and not from the time of service of process upon the uninsured motorist.

At the time of entry of the default judgment against the uninsured motorist, a defensive motion by Nationwide was pending and undisposed of by the Court, so that default judgment against Nationwide was not at that time in order, either expressly or through the indirect process of default judgment against the uninsured motorist to the prejudice of the rights of Nationwide, especially the right to defend in the name of the uninsured motorist and to defend in its own name on all issues.

Under the circumstances, the ambiguous agreement of counsel as to the entry of a default judgment against the uninsured motorist is not deemed by this Court to have waived any of the rights of Nationwide under the statute.

Inasmuch as the rights of plaintiffs to properly re-institute their suit will be protected by T.C.A. § 28-1-105, the proper disposition of Nationwide's motion to dismiss was and is to dismiss the entire suit without prejudice to a new suit properly brought under T.C.A. §§ 28-1-105 and 56-7-1206.

Such new suit should be brought against only the uninsured motorist or motorists without naming Nationwide or alleging grounds of or liability for uninsured motorist insurance liability. After service of process upon Nationwide, it will have the option of defending the uninsured motorist or motorists in his or their own name or of appearing and defending in its own name. No default judgment should be entered affecting the rights of Nationwide until the time has expired for filing an answer in the name of the uninsured motorist or in its own name.

The order overruling the motion of Nationwide for dismissal and all subsequent orders are reversed and vacated, and the cause is remanded for entry of an order of dismissal in keeping with this opinion. All costs including costs of this appeal are taxed against the plaintiffs.

Reversed and remanded.

LEWIS and CANTRELL, JJ., concur.