**M. Annette GATLIN, Appellant,**

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY,
Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Nov. 16, 1987.

Roger E. Jenne, Jenne, Scott & Sellers, Cleveland, for appellant.

Michael R. Campbell, Campbell & Campbell, Chattanooga, for appellee.

OPINION

COOPER, Justice.

This appeal involves uninsured motorist coverage under an automobile liability insurance policy issued Annette Gatlin by Tennessee Farmers Mutual Insurance Company.

Ms. Gatlin was injured on November 24, 1982, when her automobile was in collision with an automobile driven by James K. Williams. Both Ms. Gatlin and Mr. Williams had liability insurance coverage under policies issued by Tennessee Farmers. Both parties notified Tennessee Farmers of the accident.

On November 1, 1983, Ms. Gatlin filed suit against Mr. Williams in the amount of $50,000.00. Tennessee Farmers employed Mr. Michael Callaway to represent Mr. Williams. On January 4, 1984, Mr. Callaway received a settlement demand offer from counsel for Ms. Gatlin. Mr. Callaway then informed counsel that the settlement demand offer of $22,500.00 was in excess of Mr. Williams' policy limits. The same month, Mr. Callaway received a letter from counsel for Ms. Gatlin that she was relying on her uninsured motorist coverage. The letter was forwarded to Mr. John Turner, who was handling the claim for Tennessee Farmers. In June, 1984, a copy of the summons and of the complaint against Mr. Williams were served upon Tennessee Farmers as the uninsured motorist carrier. Tennessee Farmers then filed an answer setting out as its only defense that Ms. Gatlin had failed to promptly notify it of her uninsured motorist claim.

On trial of the tort action, the jury returned a verdict in favor of Ms. Gatlin and awarded her damages in the amount of $32,000.00. The trial judge adjourned court without hearing proof on the uninsured motorist claim. Subsequently, on motion for new trial, the judgment against Mr. Williams was reduced to $25,000.00. Tennessee Farmers paid Mr. Williams' policy limit, $10,000.00, into court and refused to pay the balance of the judgment.

Instead of prosecuting the claim for uninsured motorist benefits filed in the circuit court case, Ms. Gatlin filed an action against Tennessee Farmers in the Chancery Court of Polk County. The action was transferred to Bradley County and consolidated with the circuit court case, where the issues and coverage and notice were litigated. Judgment was then entered against Tennessee Farmers in the amount of $15,000.00, the difference between the coverage under the policy issued Mr. Williams and the amount of the judgment in the tort action.

The Court of Appeals held that Ms. Gatlin "having failed to either plead uninsured motorist coverage or otherwise make out the issue in the original action is estopped from further litigating the claim," reversed the judgment of the trial court and dismissed the uninsured motorist claim. In our opinion the holding of the Court of Appeals was contra to the evidence and was in error.

Tennessee Code Annotated § 56–7–1206 provides that:

Any insured intending to rely on coverage required

by §§ 56–7–1201—56–7–1206 shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; ...

■ Under this statute, coverage issues are to be litigated and determined in the original action, not in a subsequent independent action. *Harvey v. Birchfield*, 535 S.W.2d 334 (Tenn.1976). *But see, Bolin v. Tennessee Farmer's Mutual Ins. Co.*, 614 S.W.2d 566 (Tenn.1981).

■ There being no question but that the uninsured motorist claim was put in issue in the original action or that Tennessee Farmers was served with process and given the right to file pleadings and take

other action allowable by law, the key issue is whether the uninsured motorist claim was tried in the original action. Tennessee Farmers argues that to be tried in the same action, the uninsured motorist claim must be litigated either while the jury is out considering the verdict in the tort action, or immediately after the jury returns its verdict; otherwise, the case is terminated and the insured loses its uninsured motorist claim. We find nothing in the Uninsured Motorist Statute or in the Rules of Civil Procedure that imposes this time restriction on the parties. The only requirements are that the issue of coverage be plead and tried before the original action is terminated. An action is not terminated until orders or judgments are entered which adjudicate all claims for relief against all parties. Rule 54.02 of the Tennessee Rules of Civil Procedure. The judgment against Mr. Williams in the tort action did not purport to decide the uninsured motorist coverage, nor did it dismiss Tennessee Farmers as a party to the action, but left those issues pending. Whether this was intentional on the part of the court, or due to an oversight is not shown in the record. The end result is the same. The issue of liability of Tennessee Farmers under the policy of insurance it issued Ms. Gatlin was left unresolved, until trial and the entry of a judgment against Tennessee Farmers. This was done ultimately in the original tort action. The independent suit filed by Ms. Gatlin was ineffective either to raise the issue of uninsured motorist coverage, or to defeat Ms. Gatlin's claim raised in the original action. In short, it was superfluous.

Tennessee Farmers also takes the position it is not liable for payment of the uninsured motorist claim because of the delay by Ms. Gatlin in giving it notice. We find no merit in this argument. The policy requirement of notice is to give the insurer the opportunity to participate in the investigation and litigation so as to keep its exposure to a minimum. Tennessee Farmers was an active participant in all phases of this case. It had liability insurance coverage on both automobiles. It received reports from both of its insured. John Turner, its claims adjuster, investigated the accident and determined that Mr. Williams was at fault and that Ms. Gatlin was free from fault. Mr. Turner told Ms. Gatlin that Tennessee Farmers had the insurance coverage on Mr. Williams' automobile, but did not tell her that the coverage was the "bare" minimum or that it was less than the coverage afforded Ms. Gatlin under her own policy. She learned this when she made a settlement demand offer on Mr. Callaway, who had been employed by Tennessee Farmers to represent Mr. Williams. Notice was then given to Tennessee Farmers that Ms. Gatlin was relying on her uninsured motorist coverage. In our opinion, the notice of the uninsured motorist claim was timely. As is pointed out in *MFA Mutual Insurance Co. v. Flint*, 574 S.W.2d 718, 722 (Tenn.1978), an insurer has the duty to deal with its insured "fairly and in good faith." This includes informing an insured as to coverage and policy requirements when (1) it is apparent to the insurer that there is a strong likelihood that its insured only can be compensated fully under her own policy and (2) that the insured has no basis to believe that she must rely upon her policy for coverage. This was the situation in this case. By having insured both automobiles, Mr. Turner knew that Mr. Williams had only $10,000.00 in liability insurance coverage. He also knew that Ms. Gatlin had uninsured motorist coverage in excess of Mr. Williams' policy limits. He kept in almost constant contact with Ms. Gatlin for approximately a year after the accident. He informed her that Mr. Williams also was insured by Farmers Mutual, but never informed her that she probably would have to look to her own policy for full compensation. In our opinion this was not acting "fairly and in good faith." Further it had the effect of delaying the giving of notice of the uninsured motorist claim. Tennessee Farmers can not take advantage of this delay by denying coverage for lack of timeliness in the giving of notice.

The judgment of the Court of Appeals is reversed. The judgment of the trial court is affirmed. The cause is remanded for the

collection of the judgment, including interest. Costs of the appeal will be paid by Tennessee Farmers Mutual Insurance Company and its surety.

HARBISON, C.J., and FONES, DROWOTA and O'BRIEN, JJ., concur.