**Madalyn T. HILLIS and Walter L. Hillis, Plaintiffs,**

v.

**Michael GARNER, Defendant.**

No. Civ–1–87–354.

United States District Court, E.D. Tennessee, S.D.

May 31, 1988.

John B. Curtis, Jr., Chattanooga, Tenn., for plaintiffs.

Landon H. Goins and Michael R. Campbell, Chattanooga, Tenn., for defendant.

### MEMORANDUM

EDGAR, District Judge.

This is a personal injury and property damage lawsuit arising from an automobile-truck collision between the parties that occurred in Chattanooga, Tennessee. Plaintiff Madalyn Hillis, a Tennessee resident, alleges that she was physically and monetarily damaged as a proximate result of the negligent acts of the defendant driver, Michael Garner, a resident of the State of Georgia. Plaintiff Walter Hillis is the husband of Madalyn Hillis and also claims injuries as a result of the collision. Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of the parties.

Before the Court is defendant Tennessee Farmers Mutual Insurance Company's (hereinafter "Tennessee Farmers Mutual") motion to dismiss pursuant to Fed.R.Civ.P. 12(a)(1) for lack of subject matter jurisdiction. Tennessee Farmers Mutual was brought into this suit by the plaintiffs pursuant to their policy of uninsured motorist insurance coverage with Tennessee Farmers Mutual and T.C.A. § 56–7–1206.

As the basis for its motion to dismiss, Tennessee Farmers Mutual asserts that this Court does not have diversity jurisdiction in this matter because its primary

place of business for purposes of determining diversity is Tennessee. Since plaintiffs are also Tennessee residents, Tennessee Farmers Mutual asserts that complete diversity of the parties is not present in this case. *See* 28 U.S.C. § 1332(a)(1); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3605 n. 8 (1984). In response to Tennessee Farmers Mutual's motion, plaintiffs argue that the uninsured motorist carrier's residence should not be considered for purposes of determining if diversity exists. Plaintiffs assert that defendant Garner, as the only "named" defendant and a resident of Georgia, is clearly diverse from the plaintiffs. Plaintiffs also argue that the Tennessee statute providing for service of process upon a plaintiff's uninsured motorist carrier "as though such insurance company were a party defendant," implies that the carrier is not to be considered a party defendant. As evidence of this implication, plaintiffs note that "the evidence of service upon the insurance carrier shall not be made a part of the record." T.C.A. § 56–7–1206(a).

### Tennessee Farmer Mutual's Motion to Dismiss (Court File No. 6)

The issue raised by Tennessee Farmers Mutual's motion is whether the residence of an insurance carrier properly served with process pursuant to the state uninsured motorist statute must be considered in determining diversity of the parties under 28 U.S.C. § 1332(a) when the named parties are otherwise diverse. Whether the residence of the uninsured motorist carrier can destroy the diversity jurisdiction of this Court appears to be a question of first impression for federal courts applying the law of Tennessee in diversity cases.

It is, however, clear from the Tennessee cases cited by Tennessee Farmers Mutual that the Tennessee courts consider a properly served uninsured motorist coverage carrier legally a party defendant to any tort claim filed against an uninsured defendant, even though the insurance company is not designated as a defendant in the record pursuant to statute. *See Gatlin v. Tennessee Farmers Mutual Ins. Co.,* 741

S.W.2d 324, 325 (Tenn.1987); *Sims v. Barham,* 743 S.W.2d 179, 181 (Tenn.App.1987); *Thearp v. Travelers Indemnity Co.,* 504 S.W.2d 763, 766 (Tenn.App.1972), *cert. denied,* Dec. 4, 1972. Once being served in its capacity as plaintiff's uninsured motorist carrier, the insurance company is treated "as though such insurance company were a party defendant; [and] such company shall thereafter have the right to file pleadings and take other action allowable by law *in the name of the owner and operator of the uninsured motor vehicle or in its own name; ...."* T.C.A. § 56–7–1206(a) (emphasis added); *see also Gatlin,* 741 S.W.2d at 325 (citing the statute).

Tennessee cases construing this statute have held:

> The whole intent and purpose of the uninsured motorist act, is, in essence, to provide *protection* by making the insurance carrier stand as the insurer of the uninsured motorist, with two necessary consequences. (1) The suit has to be brought against the uninsured motorist, with the fact of insurance excluded as a possible prejudicing factor, as in any other such case; and (2) the insurance company is bound by the judgment rendered in that suit, to the extent of its policy limits, where it is afforded the statutory opportunity to defend the uninsured motorist. (Citations omitted).

*Glover v. Tennessee Farmers Mut. Ins. Co.,* 225 Tenn. 306, 313, 468 S.W.2d 727, 730 (1971). From this it is apparent that the properly served uninsured motorist carrier *may* participate in the trial, both in theory and in practice, as a defending party on its own behalf or on behalf of the uninsured defendant. The fact that Tennessee courts consider an insurance carrier in this posture as "legally a party defendant" leads this Court to believe that the residency of an uninsured motorist carrier must be considered when determining if diversity jurisdiction exists.

In addition, the Court is also influenced by other federal court decisions which have considered the implications of 28 U.S.C. § 1332(c) when an uninsured motorist stat-

ute is made the basis of tort liability. This Court recognizes that section 1332(c) is inapplicable to the procedural posture of this case because this is not a "direct action" against the insurer within the meaning of the statute. *See Irvin v. Allstate Ins. Co.,* 436 F.Supp. 575, 577 (W.D.Okla.1977). However, those courts that have considered section 1332(c) in the context of uninsured motorist provisions of a plaintiff's insurance coverage have not only held that a plaintiff's claim based on its own uninsured motorist coverage is not a "direct action" against the insurer under section 1332(c), but have also thereafter specifically considered the residence of the uninsured motorist liability carrier for purposes of determining whether federal subject matter diversity jurisdiction exists. *See Fortson v. St. Paul Fire and Marine Ins. Co.,* 751 F.2d 1157, 1159–60 (11th Cir. 1985); *McGlinchey v. Hartford Accident & Indemnity Co.,* 666 F.Supp. 70 (E.D.Pa. 1987); *Carpenter v. Illinois Central Gulf R.R. Co.,* 524 F.Supp. 249, 252 (M.D.La. 1981); *Irvin v. Allstate Ins. Co.,* 436 F.Supp. 575, 577 (W.D.Okla.1977); *Bishop v. Allstate Ins. Co.,* 313 F.Supp. 875 (W.D. Ark.1970).

While it is true that "nominal or formal parties who have no interest in the action will be ignored" by the Court in determining the existence of complete diversity, in this case the relevant Tennessee statute gives Tennessee Farmers Mutual the legal right to represent itself and/or the defendant Garner in this tort suit. Therefore, its interest in this suit cannot be considered nominal for purposes of determining diversity. *See* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3606 nn. 2, 14 (1984).

Absent authority to the contrary, because the Tennessee courts consider the uninsured motorist carrier legally a party defendant when served pursuant to T.C.A. § 56–7–1206, this Court must consider the residency of Tennessee Farmers Mutual to determine if jurisdiction is proper in this Court. Because Tennessee Farmers Mutual is a Tennessee insurance company with its principal place of business in Tennessee, it is not diverse from the plaintiffs in this case. Having found that no diversity exists in this case, the motion to dismiss of Tennessee Farmers Mutual Insurance Company will be GRANTED. An appropriate order will enter.