Danny M. **COLLINS** and Anna Olga Collins, Plaintiffs,

v.

Douglas B. **HAMBY,** Defendant.

No. Civ. 3–92–0320.

United States District Court, E.D. Tennessee, N.D., at Knoxville.

Aug. 27, 1992.

---

Michael H. Meares, Dungan & Meares, Maryville, Tenn., for plaintiffs.

Arthur G. Seymour, Jr., Frantz, McConnell & Seymour, Knoxville, Tenn., UM Carrier.

Brian H. Trammell, Kennerly, Montgomery & Finley, Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

JARVIS, Chief Judge.

This is a diversity action arising out of an automobile accident that occurred in Blount County, Tennessee. Pending is the motion of United Services Automobile Association (USAA), served with process as the plaintiffs' uninsured/underinsured motorist carrier under T.C.A. § 56-7-1201, et seq., to dismiss for lack of subject matter jurisdiction, Rule 12(b)(2), Federal Rules of Civil Procedure. Because I conclude that USAA is not a real party in interest and its presence therefore cannot destroy diversity jurisdiction, the motion to dismiss will be denied.

On May 19, 1991, plaintiffs, residents of Maryville, Tennessee, were involved in an automobile accident in Blount County, Tennessee with Douglas B. Hamby of Travelers Rest, South Carolina. On May 15, 1992, this lawsuit was filed on the basis of diversity of citizenship against Hamby. Pursuant to the requirements of T.C.A. § 56-7-1201, et seq., plaintiffs also served a copy of the summons and complaint upon their uninsured/underinsured motorist insurance carrier, USAA. Plaintiffs make no jurisdictional allegation in the complaint pertaining to USAA's citizenship for purposes of diversity. Pursuant to the above Tennessee statute, USAA was not named as a defendant. It is uncontroverted that USAA is not a corporation, but rather conducts its business in the form of an unincorporated association, more commonly known as an interinsurance reciprocal exchange, and is organized under the laws of the State of Texas. It is also uncontroverted that USAA has members in all fifty states.

USAA contends that it is a real party to the litigation and is also nondiverse, since under controlling law an unincorporated association is resident in all states where it has members. USAA says its presence destroys complete diversity and renders the court without subject matter jurisdiction. Plaintiffs argue that USAA is not a real party in interest and even if it was, it is not a Tennessee resident; therefore, its presence would not affect subject matter jurisdiction. Thus, USAA's motion raises two distinct issues:

(1) Whether T.C.A. § 56-7-1201, et seq., makes an uninsured motorist carrier a real party in interest for purposes of diversity of citizenship?

(2) And, if so, whether USAA is nondiverse such that its presence would defeat complete diversity of citizenship?

Because I answer the first question in the negative, I need not and do not reach the second.

■ As a matter of federal law, plaintiffs must ground diversity jurisdiction upon "citizens" who are real and substantial parties to the controversy. *Navarro Savings Association v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). A court must look to the substantive law of the state to determine whether an individual, although present in the litigation, is a real and substantial party to the litigation. *Jones v. Griffith*, 688 F.Supp. 446, 450 (N.D.Ind.1988), *vacated on other grounds*, 870 F.2d 1363 (7th Cir.1989).

Tennessee has an uninsured motorist statute which provides, in part:

**Service of Process—Actions by Insurers—John Doe Warrants—Arbitration.**—(a) Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner proscribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this subsection shall prevent such owner or operator from employing counsel of his own choice; provided further, that the evidence of service of process upon the insurance carrier shall not be made part of the record.

T.C.A. § 56–7–1206. In addition, Tennessee's uninsured motorist statute does not allow direct actions against the uninsured motorist carrier. *Webster v. Harris*, 727 S.W.2d 248, 251 (Tenn.Ct.App.1987). Tennessee courts, construing the statute, have held:

The whole intent and purpose of the uninsured motorist act is, in essence, to provide protection by making the insurance carrier stand as the insurer of the uninsured motorist, with two necessary

consequences: (1) suit has to be brought against the uninsured motorist, with the fact of insurance excluded as a possible prejudicing factor, as in any other such case; and (2) the insurance company is bound by the judgment rendered in that suit, to the extent of its limits, where it is afforded the statutory opportunity to defend the uninsured motorist.

*Glover v. Tennessee Farmers Mutual Ins. Co.*, 225 Tenn. 306, 313, 468 S.W.2d 727, 730 (1971). *See also Thearp v. Travelers Indemnity Co.*, 504 S.W.2d 763, 766 (Tenn. Ct.App.1972).

Whether the residence of the uninsured motorist carrier under this Tennessee statute can destroy diversity jurisdiction is a question which has twice before been addressed in published opinions. It was first addressed by this court, speaking through Judge Edgar, in *Hillis v. Garner*, 685 F.Supp. 1038, 1039 (E.D.Tenn.1988). Judge Edgar concluded that under the statute the residence of the insurer had to be considered in determining diversity. Judge Edgar reasoned that under Tennessee law it is clear that a properly served uninsured motorist coverage carrier is legally a party defendant to any tort claim filed against the uninsured defendant even though the insurance company is not designated as a defendant in the record; and that once served, the insurance company is treated "as though such insurance company were a party defendant ...; and such company shall thereafter have the right to file pleadings and take any other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name ...". Judge Edgar concluded based on these factors that the insurance company's interest in the suit could not be considered nominal and therefore, for purposes of diversity, the court must consider the residency of the uninsured motorist carrier.

In 1989, the United States Court of Appeals for the Eleventh Circuit had occasion to consider the same question in *Broyles v. Bayless*, 878 F.2d 1400 (11th Cir.1989). The Eleventh Circuit declined to follow the *Hillis* opinion, concluding that under Tennessee law, although the carrier was proce-

durally recognized as a party defendant, the uninsured motorist carrier would no more be a real party in interest than would be the defendant's insurer if he had one. *Broyles*, 878 F.2d at 1405–06. The Eleventh Circuit began by considering the Tennessee statutory scheme and cases construing it, and concluded that Tennessee contemplates that the uninsured motorist carrier will stand in the same position as defendant's own insurance company would stand if defendant had one. *Id.* at 1403. The court noted that generally a real party in interest is a party that has a real and substantial stake in the litigation and who exercises substantial control over the litigation. *Navarro Savings Association v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). However, the definition of a real party in interest breaks down in the area of insurance law because of courts' historic treatment of insurance companies in tort litigation. The Eleventh Circuit observed that although liability insurance companies often have a real and substantial stake in their insured's litigation, they are usually not treated as parties to an action involving their insured. The court noted three exceptions to the general rule: (1) when they have become subrogated to the rights of their insured after payment of the loss; (2) when they are defending direct actions brought against them; and (3) when, for some reason, they must assume primary and visible control of the litigation. *Broyles* at 1404. The Eleventh Circuit concluded that none of those situations were applicable in an action where the uninsured motorist carrier was served under T.C.A. § 56–7–1206, yet did not defend the suit in its own name and substantially participate during trial. *Id.* at 1405.

■ I am in agreement with the Eleventh Circuit Court of Appeals that the essential nature and effect of the proceedings in a case such as this demonstrate that the uninsured motorist carrier is not a real party in interest for the purpose of determining diversity. This is not an action in which USAA has incurred, through default, the primary obligation to defend the lawsuit because it became the only defendant. The defendant here has an attorney and has answered the complaint. Tennessee does not allow a direct action against the uninsured motorist company and instead confers on the insurance company only the option and not the absolute obligation to take control of the defense. Nothing prevents the owner or operator of the vehicle from employing counsel of his own choice. The essential nature of the action in this case is a tort action between diverse citizens for the recovery of damages for injuries sustained in an automobile accident. If defendant is successful in defending himself, USAA escapes liability.

In addition, the court finds it incongruous to consider the citizenship of plaintiff's uninsured motorist carrier when the citizenship of defendant's own insurance company would not be considered. Moreover, I agree with the Eleventh Circuit that it makes little sense to allow the uninsured motorist carrier to proceed "in cognito" and yet consider its phantom presence in determining diversity. I also agree that considering the residency of an invisible uninsured motorist carrier does not serve the purpose of diversity which is to prevent local prejudice. Finally, the logical extension of USAA's position is that it or any other nondiverse insurance company can always keep litigation in which its insureds are involved out of federal court no matter what the citizenship of the parties. I do not think the Tennessee legislature intended that result.

In light of the foregoing, USAA is no more a real party in interest than would be defendant's insurance company if he has or had one. I therefore conclude that there is no reason to consider its residency in determining the court's diversity jurisdiction. Accordingly, the motion of USAA to dismiss for lack of subject matter jurisdiction will be denied.