**Regina L. PIERCE, etc., Plaintiff,**

v.

**William T. JOHNSON, Defendant.**

No. CV–93–3856 (CPS).

United States District Court,
E.D. New York.

April 12, 1994.

MEMORANDUM AND ORDER

SIFTON, District Judge.

This action involves a tort claim by plaintiff Regina Pierce, as administratrix of the estates of the two individuals killed in the crash, for damages arising out of a car accident in North Carolina two years ago in which plaintiff settled with the named defendant William Johnson before bringing the action and executed a general release. Defendant has moved to dismiss the action on the ground that he is not the real party in interest, since the purpose of plaintiff's suit is only to recover underinsured motorist benefits from the decedents' insurer under a North Carolina statute requiring that such litigation name the insured rather than the insurance company as the defendant. Plaintiff has conceded that the action is only being brought to recover from the decedents' insurance company and has indicated her willingness to drop defendant from the suit and proceed against the insurance company.

Upon receipt of plaintiff's motion, and taking notice that North Carolina is the residence of both plaintiff and the insurance company, this Court issued an order directing the plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction due to incomplete diversi-

ty. For the reasons set forth below, plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

This action arose out of a fatal automobile accident two years ago in North Carolina involving two residents of that state and a New York citizen. On August 31, 1991, defendant William Johnson's car is alleged to have crossed a highway dividing line and struck the vehicle carrying Robert and Rose Pierce.[1] On December 22, 1992, plaintiff settled with defendant and fully released him from any further liability. The release states:

> [T]he undersigned Administratrix ... hereby releases and forever discharges William T. Johnson of and from all claims, demands, damages, actions, or causes of action on account of injuries to and the death of [Rose June Pierce and Robert H. Pierce] resulting from an accident which occurred on or about the 31st day of August, 1991 by reason of William T. Johnson's operation of a motor vehicle in Gates County, North Carolina.

At the time of the accident, the Pierces maintained underinsurance coverage in the amount of more than $200,000. During settlement negotiations with the tortfeasor, plaintiff was also negotiating with decedents' carrier, North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau"), in an effort to settle the underinsurance claim. When this claim could not be settled, plaintiff instituted the present action.

Defendant filed its motion to dismiss[2] on November 16, 1993. Defendant alleges that, given the above release, plaintiff is not entitled to maintain an action against him. Plaintiff responded "largely in support of" defendant's motion the following December 6. Plaintiff conceded that she is not seeking any damages from defendant but simply using him to reach underinsurance benefits owed by decedents' own insurer. Plaintiff agreed with defendant's motion to the extent of requesting that this Court issue an order releasing defendant from further partic-

ipation in the defense but permitting plaintiff to proceed without limitation against decedents' insurer.

Although Farm Bureau is not named in this action, it was served with process and is appearing in this action pursuant to N.C.Gen. Stat. § 20-279.21(b)(4). This statute allows a plaintiff to pursue an action for underinsurance benefits by naming the tortfeasor alone, yet serving the insurer. The statute provides that

> the insurer shall be bound by a final judgment taken by the insured against an uninsured motorist if the insurer has been served with copy of summons, complaint or other process.... The insurer, upon being served as herein provided, shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name.

## DISCUSSION

As a matter of federal law, plaintiff must base her claim of diversity jurisdiction upon "citizens" who are real and substantial parties to the controversy. *See Navarro Savings Association v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). Whether the residence of an uninsured motorist carrier under a statute such as the one involved in this case can destroy diversity jurisdiction has been answered in the negative by other federal courts considering the question, and plaintiff urges that we follow these cases' lead.

The factual similarities between this case and that of *Broyles v. Bayless*, 878 F.2d 1400 (11th Cir.1989), are readily apparent. In *Broyles*, the district court was faced with a claim for underinsurance pursuant to a Tennessee statute similar to the North Carolina statute at issue here. Plaintiff had sued the defendant tortfeasor but also served the insurance company pursuant to the statute. After trial, the district court dismissed the

---

1. As the couple were both killed in the accident, the instant suit is, as noted above, being brought by plaintiff Regina Pierce as the administratrix of their estates.

2. Although defendant is moving pursuant to Fed. R.Civ.P. 12, he does not state the portion of that rule pursuant to which he is moving.

case due to incomplete diversity, and the circuit court reversed. The panel framed the question facing it as whether "a federal court [should] consider the residence of an uninsured motorist carrier, served with process pursuant to Tennessee's uninsured motorist statute, when determining diversity for federal jurisdiction purposes" and answered in the affirmative. The court noted that the central issue in determining diversity is to ascertain the "real parties in interest" and that the essential nature of the lower court proceeding was as an action in tort between diverse citizens for the recovery of injuries sustained in an automobile accident, in which the presence of the insurance company was an ancillary matter. The court further stated:

> The Tennessee uninsured motorist statute attempts to protect the anonymity of the insurance company as in any other insurance liability case.... It makes little sense to allow the company to proceed 'in cognito' and yet consider its phantom presence in determining diversity. Although an uninsured motorist carrier is given the option to defend in its own name, rarely will such an event occur if there is a jury trial. Unless this rarity occurs and is coupled with substantial participation during trial, an insurance company's citizenship should not be considered for diversity purposes. Considering the residency of a largely invisible uninsured motorist carrier would not serve the claimed purpose of diversity which is to prevent local prejudice.

*Broyles,* 878 F.2d at 1405–06.[3]

Although plaintiff is correct in noting that there are substantial similarities between this case and *Broyles,* there are also material differences. Most important, the tortfeasor defendant in *Broyles* had not been released from liability but, rather, faced the prospect of paying substantial damages for his actions. In addition, defendant chose to employ his own counsel during the trial. The insurance company in the case, as the panel noted, was only a "phantom presence" with no responsibility for the litigation.

In fact, the rule set out in *Broyles* compels a different result from that reached in the Eleventh Circuit. In *Broyles,* the court of appeals observed that courts generally do not recognize unnamed insurance companies as real parties to an action "unless they have become subrogated to the rights of their insured after payment of the loss, they are defending actions brought directly against them, or when, for some reason, they must assume primary and visible control of the litigation." *Id.* at 1404.[4]

In the present proceeding, Farm Bureau is clearly the party who must assume "primary and visible control of the litigation." Plaintiff admits that she has no cause of action directly against the named defendant, since this defendant has been released from all liability. It is Farm Bureau that is the real party in interest in the action and, thus, the party whose citizenship should be decisive for diversity purposes.

Defendant has moved to dismiss the action against him, and plaintiff has consented to this relief. Under North Carolina law, a plaintiff may dismiss the action against the tortfeasor and continue against the insurer without substituting the parties in the caption. *See Sellers v. North Carolina Farm Bur. Mut. Ins. Co.,* 108 N.C.App. 697, 424 S.E.2d 669 (1993). In the present case, such a procedure destroys diversity. In accordance with the wishes of plaintiff and defen-

---

**3.** The second case answering this issue in the affirmative is *Collins v. Hamby,* 803 F.Supp. 1302 (E.D.Tenn.1992). The case follows the precedent set out in *Broyles* with no other helpful analysis.

**4.** In addition, the court took pains to distinguish the facts before it from those in a number of other cases where the insurance company incurred "the primary obligation to defend the lawsuit because it became the only defendant in the lawsuit." *Id.* at 1405 (emphasis in original); *see O.M. Greene Livestock v. Azalea Meats, Inc.,*

516 F.2d 509 (5th Cir.1975) (insurance company became primary defender when plaintiff voluntarily dismissed insured); *Webster v. Harris,* 727 S.W.2d 248 (Tenn.App.1972) (insurance company primary party when tortfeasor is unknown); *Wilkinson v. Vigilant Insurance Company,* 236 Ga. 456, 224 S.E.2d 167 (1976) (under Georgia uninsured motorist statute, insurance company is real party in interest when tortfeasor is discharged in bankruptcy so that no liability could attach to him).

dant, this Court dismisses the named defendant. For reasons set forth above, plaintiff's complaint is dismissed *sua sponte* for lack of subject matter jurisdiction due to incomplete diversity between the parties.

SO ORDERED.