**Lisa KIDD, et al., Plaintiffs,**

v.

**Rebecca Lynn GILFILEN, et al., Defendants.**

**No. CIV. A. 2:01–0769.**

United States District Court, S.D. West Virginia, Charleston Division.

Oct. 29, 2001.

John Einreinhofer, Esq., Charleston, WV, for Plaintiffs.

R. Carter Elkins, Esquire, Laura L. Gray, Esquire, Campbell, Woods, Bagley, Emerson, Mcneer & Herndon, Huntington, WV, for Defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiffs' motion to dismiss and remand.[1] The Court **DENIES** the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 1999 Plaintiff Lisa Kidd was injured when Defendant Rebecca Lynn Gilfilen's car struck Kidd's automobile. Lisa suffered severe and permanent injuries. On July 13, 2001 Lisa and her husband Michael instituted this action in the Circuit Court of Kanawha County. The Kidds allege a negligence claim against Gilfilen, asserting her liability "for the collision that caused the injuries to" Lisa. (Compl.¶ 6). At the same time, they allege Gilfilen is uninsured, apparently seeking the uninsured motorists benefits provided them by State Farm under their automobile insurance policy.

The Kidds also allege an Unfair Trade Practices Act claim against Defendant State Farm pursuant to *West Virginia Code* Sections 33–11–1 *et seq.* The Kidds accuse State Farm of "intentionally or recklessly ma[king] an inadequate offer under the uninsured motorist policy and recklessly or intentionally compell[ing] plaintiffs to institute litigation." (*Id.* ¶ 11). State Farm was served with process and it seasonably removed on August 21, 2001. Although Gilfilen also has been served, she has not appeared.

The Kidds stipulate the requisite amount in controversy is satisfied. They assert, however, Gilfilen is a non-diverse West Virginia resident precluding removal.

---

1. Plaintiffs mistakenly styled the case using the incorrect spelling of "Gilfiley." The style is corrected in accordance with the correct spelling of the subject Defendant's name.

State Farm asserts Gilfilen is but a nominal party whose citizenship can be disregarded for diversity purposes.

## II.  DISCUSSION

### A.  *Motion to Remand*

Regarding the uninsured motorists coverage claim, which is in essence a personal injury claim, the applicable statute provides:

Any insured intending to rely on the coverage required by subsection (b) of this section shall, *if any action be instituted against the owner or operator of an uninsured or underinsured motor vehicle,* cause a copy of the summons and a copy of the complaint to be served upon the insurance company issuing the policy, in the manner prescribed by law, *as though such insurance company were a named party defendant;* such company shall thereafter have the right *to file pleadings and to take other action allowable by law in the name of the owner, or operator, or both, of the uninsured or underinsured motor vehicle or in its own name.*

Nothing in this subsection shall prevent such owner or operator from employing counsel of his or her own choice and taking any action in his or her own interest in connection with such proceeding.

W. Va.Code § 33–6–31(d) (emphasis added).

■ The Supreme Court has established the guidelines by which a court determines if a party possesses a real interest in the case countable for diversity purposes:

Federal courts have jurisdiction over controversies between "Citizens of different States" by virtue of 28 U.S.C. § 1332(a)(1) and U.S. Const., Art. III, § 2. Early in its history, this Court established that the "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy.  *McNutt v. Bland,* 2 How. 9, 15, 11 L.Ed. 159 (1844); *see Marshall v. Baltimore & Ohio R. Co.,* 16 How. 314, 328–329, 14 L.Ed. 953 (1853); *Coal Co. v. Blatchford,* 11 Wall. 172, 177, 20 L.Ed. 179 (1870).  Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.  *E.g., McNutt v. Bland, supra,* 43 U.S. 9, at 14; *see* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1556, pp. 710–711 (1971).

*Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460–61, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); *see also Martin Sales & Processing, Inc. v. West Virginia Dept. of Energy,* 815 F.Supp. 940, 942 (S.D.W.Va.1993)("It is also well settled that courts should disregard nominal parties when determining whether diversity jurisdiction exists, and look instead to the real parties in interest in the controversy."); *State of West Virginia v. Morgan Stanley & Co., Inc.,* 747 F.Supp. 332, 336 (S.D.W.Va.1990)("It is equally well settled, however, that in determining diversity jurisdiction, the court will disregard the citizenship of nominal or formal parties and look to the citizenship of the 'real and substantial parties to the controversy.' ")(quoting *Navarro,* 446 U.S. at 461, 100 S.Ct. 1779).

■ In determining whether Gilfilen is a real party in interest, the Court examines, among other things, the substantiality of her stake in this action and her level of control over the course of the litigation. First, Gilfilen's stake is minimal at best. She has not appeared and, while a judgment may be taken against her, it likely will not be collected from her.  Second, given her lack of appearance, Gilfilen apparently does not intend to exercise any

control or engage in any decision making in the case. This appears to be the usual practice in such cases, as observed by the Supreme Court of Appeals of West Virginia:

> "Uninsured motorist coverage represents substituted liability only in the sense that a determination that the uninsured motorist is legally liable to the insured is a condition precedent to the obligation of the insurer to pay off on the policy. *In this determination the insurer stands in the shoes of the uninsured motorist with regard to the question of whether the latter was negligent and with regard to his defenses such as contributory negligence.*"

*State ex rel. State Farm Mutual Auto. Ins. Co. v. Canady,* 197 W.Va. 107, 115, 475 S.E.2d 107, 115 (1996)(emphasis added)(quoting *Craft v. Economy Fire & Cas. Co.,* 572 F.2d 565, 568–69 (7th Cir.1978)).

In sum, State Farm shoulders the control and decision making responsibilities in this action. That is appropriate, because it has the corresponding obligation to pay its insured on the claims alleged should the latter prevail. Practically, Gilfilen is named only as a means to a more substantial end, namely the establishment of her liability for resulting damages to the Kidds so as to trigger State Farm's inchoate obligation to pay on its uninsured motorist coverage. *Canady,* 197 W.Va. at 111, 475 S.E.2d at 111 ("The Colemans must first prove damages arising from the actions of the uninsured motorist before State Farm is obligated to provide uninsured motorist benefits.").

Accordingly, Gilfilen is merely a nominal party whose citizenship can be disregarded for purposes of the jurisdictional inquiry.[2]

The Court possesses subject matter jurisdiction and **DENIES** the motion to dismiss and remand.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**2.** The Court notes decisions to the contrary. *See, e.g., Broyles v. Bayless,* 878 F.2d 1400 (11th Cir.1989); *Collins v. Hamby,* 803 F.Supp. 1302, 1304 (E.D.Tenn.1992). The Court rejects the reasoning in those cases for a variety of reasons. For example, *Bayless* cast aside settled parameters for the real-party-in-interest analysis due to what it perceived as "the peculiarity of liability insurance law." *Bayless,* 878 F.2d at 1405. The Court is aware of no such exception to *Navarro* and its progeny. The result in *Bayless* and *Collins* is also potentially at odds with *Tilley v. Allstate Ins. Co.,* 40 F.Supp.2d 809, 812 n. 2 (S.D.W.Va.1999)("Plaintiffs cannot ignore the accepted practice in West Virginia to raise underinsured coverage issues by *suing the tortfeasor nominally,* while the insurer defends in actuality.")(emphasis added). The Court also finds *Collins* and *Bayless* distinguishable in several respects. *Bayless,* 878 F.2d at 1405 ("Bayless employed counsel and, as a result, Tennessee Farmers did not substantially control the litigation."); *Collins,* 803 F.Supp. at 1304 ("This is not an action in which [the insurer] has incurred, through default, the primary obligation to defend the lawsuit because it became the only defendant. The defendant here has an attorney and has answered the complaint.").

The Court also stresses it is not establishing a bright-line rule for all future cases. It is conceivable in a future uninsured motorist coverage action that the uninsured motorist might retain counsel and demonstrate the requisite stake and control to qualify as the real party in interest.