Wayne JOHNSON, Plaintiff,

v.

HILL BROTHERS TRANSPORTATION, INC.; Guadalupe Leal, Jr.; and John Doe, Defendants,

Louisiana Insurance Guaranty Association, Intervenor Defendant.

No. 1:01–cv–183.

United States District Court, E.D. Tennessee.

May 14, 2003.

actions of Bailey were extreme or outrageous.

*Morgan v. Taft Place Med. Ctr., Inc.,* 1998 WL 295560 (Ohio App. June 8, 1998).

Donna R. Davis, Knoxville, TN, for Plaintiff.

Gary S. Napolitan and David D. Moore, Leitner, Williams, Doolay and Napolitan, Intervenor Defendant—L. Hale Hamilton, Spears, Moore, Rebman & Williams, Chattanooqa, TN, for Defendants.

## MEMORANDUM

EDGAR, Chief Judge.

The plaintiff, Wayne Johnson ("Johnson"), a resident of Louisiana, brings this action for claims that arose from a motor vehicle accident that occurred on Interstate–24 in Hamilton County, Tennessee. The plaintiff initially sued Guadalupe Leal, Jr.("Leal"), the driver of the truck that collided with Johnson, and Hill Brothers Transportation, Inc.("Hill Brothers"), Leal's employer. Leal and Hill Brothers are residents of Missouri and Nebraska, respectively. Johnson later amended his claim to add a cause of action against a person identified as John Doe, who Johnson asserts contributed to the accident. Johnson served his uninsured motorist carrier pursuant to Tennessee Code Annotated § 56–7–1206.

Johnson's uninsured motorist carrier, General Credit Insurance Company ("General Credit"), an Ohio corporation, was declared insolvent and ordered to liquidate in January 2001. Claims against General Credit made by Louisiana residents are administered by Louisiana Insurance Guarantee Association ("LIGA"), a private nonprofit unincorporated legal entity created by Louisiana statute. LA. REV.STATE. ANN. § 22–1380 (West 1995). LIGA has intervened in this action and answered the complaint on behalf of John Doe and in its own capacity. [Court File No. 31 & 32]. The case is before the Court on Hill Brothers' and Leal's motion to dismiss for lack of diversity due to LIGA's intervention. [Court File No. 40].

## I. Diversity Jurisdiction

Federal district courts have original jurisdiction over civil actions between citizens of different states when the matter in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Diversity jurisdiction cannot exist under

§ 1332 unless the plaintiffs are citizens of different states from the defendants. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 492–93 (6th Cir.1999). However, the citizenship upon which the diversity is claimed must be of plaintiffs and defendants who are "real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461, 100 S.Ct. 1779.

 Hill Brothers and Leal move for dismissal for lack of diversity jurisdiction because both the plaintiff and defendant LIGA are citizens of Louisiana. [Court File No. 42]. Their argument relies on this Court's opinion in *Hillis v. Garner,* 685 F.Supp. 1038 (E.D.Tenn.1988). This Court there reasoned that an uninsured motorist carrier sued under Tennessee Code Annotated § 56–7–1206 [1] was a real party to the controversy for the purposes of establishing diversity jurisdiction. Johnson asks the Court to reconsider its earlier opinion in light of a conflicting published opinion by a district court in the Eastern District of Tennessee. *See Collins v. Hamby,* 803 F.Supp. 1302 (E.D.Tenn.1992). This district has, therefore, produced two contradictory published opinions. Uniformity within the district is desired, if not required, to achieve legal predictability. I now join with Judge Jarvis to conclude that uninsured motorist carriers should generally be treated like insured motorist carriers for the purposes

of diversity jurisdiction. In the typical case, when the uninsured motorist carrier defends the identified owner or operator of a vehicle, the citizenship of the uninsured motorist carrier will not be considered for diversity purposes. The facts of this case, however, fall within one of the three exceptions noted by both Judge Jarvis and the Eleventh Circuit Court of Appeals.

In *Collins,* Judge Jarvis was presented with an uninsured motorist carrier arguing that its presence in the litigation destroyed diversity. *Collins,* 803 F.Supp. at 1303. The motorist for whom the carrier would assume liability was also represented in the action by his own attorney. Following an earlier decision by the Eleventh Circuit Court of Appeals involving a similar situation, Judge Jarvis reasoned that "the uninsured motorist carrier would no more be a real party in interest than would be the defendant's insurer if he had one." *Id.* at 1305 (citing *Broyles v. Bayless,* 878 F.2d 1400, 1405–06 (11th Cir.1989)).

When interpreting Tennessee's uninsured carrier provisions, both Judge Jarvis and the Eleventh Circuit noted that traditional definitions of a "real party in interest" break down in the area of insurance law. *Id.* at 1305; *Broyles,* 878 F.2d at 1403. Although an insurance carrier is contractually obligated to pay any judgment rendered against the tortfeasor to the extent of the policy limits, carriers are generally not treated as parties to actions against their insureds. *Broyles,* 878 F.2d at 1404. The Eleventh Circuit explained that "this paradoxial treatment of insurance companies stems from the companies' contingent and often indirect potential for

---

1. Tennessee Code Annotated § 56–7–1206 provides for suits against a plaintiff's uninsured motorist carrier. A carrier served under the statute has "the right to file pleadings and take other actions allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; pro-

vided, that nothing in this subsection shall prevent such owner or operator from employing counsel of the owner's choice; and provided further, the evidence of service upon the insurance carrier shall not be made a part of the record." Tenn. Code Ann. § 56–7–1206 (2000).

liability in tort litigations as well as the recognition that jurors will be much more inclined to award high damages to an injured party if they are aware that an insurance company will ultimately bear the burden of the award." *Id.* at 1404. Furthermore, the Tennessee Court of Appeals has explained that "it is perfectly clear that the [Tennessee's uninsured motorist] statute preserves for the uninsured motorist carrier the same right of anonymity that is enjoyed by a liability insurance carrier as it defends its insured ...." *Webster v. Harris,* 727 S.W.2d 248, 251 (Tenn.Ct.App.1987).

Both the Eleventh Circuit and Judge Jarvis also noted three exceptions to the general rule of ignoring insurance carriers when determining diversity jurisdiction: "(1) when [the insurance carrier has] become subrogated to the rights of their insured after payment of the loss; (2) when [the insurance carrier is] defending direct actions brought against them; and (3) when, for some reason, [the insurance carrier] must assume primary and visible control of the litigation." *Collins,* 803 F.Supp. at 1305 (citing *Broyles,* 878 F.2d at 1404.) These exceptions to the general rule applied to insurance carriers were not present in *Broyles* or *Collins.*

LIGA has answered the complaint, pursuant to Tennessee Code Annotated § 56–7–1206, on behalf of itself and the uninsured motorist identified only as John Doe. Therefore, the question arises whether LIGA must necessarily "assume primary and visible control of the litigation" in order to protect its interest, thus falling within the third exception noted by the *Broyles* and *Collins* courts. *Id.* When an uninsured motorist carrier is faced with defending a John Doe motorist, the rationale expressed by the *Broyles* and *Collins* courts in favor of ignoring the uninsured motorist carrier's citizenship ceases to apply. The Eleventh Circuit noted that "un-

less the insurance company interjects itself into the controversy in such a way that it has direct liability and/or active, visible and primary control of the litigation, its citizenship should not be considered for the purposes of diversity jurisdiction." *Broyles,* 878 F.2d at 1406. Judge Jarvis similarly explained that the carrier's citizenship should not be considered in that case because "this is not a situation in which [the uninsured motorist carrier] has incurred, through default, the primary obligation to defend the lawsuit because it became the only defendant." *Collins,* 803 F.Supp. at 1304.

In this case, the third exception described in both *Broyles* and *Collins* is precisely the situation that exists when an uninsured motorist carrier defends a John Doe motorist. Although Hill Brothers and Leal also appear as defendants in this action, LIGA alone bears the responsibility of representing John Doe. With the actual uninsured motorist absent from the trial, the uninsured motorist carrier must necessarily "assume primary and visible control of the litigation." *See Collins,* 803 F.Supp. at 1304. It would be difficult indeed for LIGA's attorneys to appear in Court incognito, asserting that they represent someone whom they cannot identify. Therefore, the amendment of the complaint to include defendant John Doe and the subsequent intervention of LIGA, a citizen of the same state as the plaintiff, destroys diversity jurisdiction in this particular case.

## II. Citizenship of LIGA

█ The plaintiff asserts that because the uninsured motorist carrier was General Credit, a now defunct company incorporated in Ohio, the citizenship of LIGA should not be considered to destroy diversity jurisdiction. As an association created by the Louisiana legislature to protect the

interests of its citizens who have paid premiums on insurance policies to insolvent insurance carriers, LIGA has assumed the position of General Credit for the purposes of this lawsuit. *See* LA.REV.STAT.ANN. § 22:1376 (West 1995). Citizenship of the parties to a lawsuit is determined at the commencement of a lawsuit. *See* 13B CHARLES ALLEN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3608 (2d ed.1984). General Credit was liquidated pursuant to an order by Ohio's Franklin County Court of Common Pleas on January 5, 2001, roughly six months prior to the filing of this lawsuit. Assumption of liability by LIGA is based on the statutes of Louisiana. Although LIGA's responsibilities will be controlled by the contract that existed between the plaintiff and General Credit, the plaintiff presents no authority that suggests LIGA also assumed General Credit's Ohio citizenship.

### III. Conclusion

For the reasons stated above, the motion to dismiss [Court File No. 42] submitted by defendants Hill Bothers and Leal will be **GRANTED**. The plaintiff's request that the Court allow the filing of a voluntary dismissal [Court File No. 45] will be **DENIED** because Tennessee Code Annotated § 28–1–115 rather than § 28–1–105 controls the limitations on actions dismissed by federal courts for lack of jurisdiction. Section 28–1–115 provides that "notwithstanding any applicable statute of limitation to the contrary, any party filing an action in federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court." Because this case is dismissed for lack of jurisdiction, § 28–1–115 controls refiling in state court and renders the plaintiff's request to file a voluntary dismissal in order to comply with § 28–1–105 unnecessary.

A judgment will **ENTER** dismissing the case **WITHOUT PREJUDICE**.